937 So.2d 199 (2006)
FEDERATED NATIONAL INSURANCE COMPANY, Appellant,
v.
Linda ESPOSITO, Appellee.
No. 4D05-4480.
District Court of Appeal of Florida, Fourth District.
August 23, 2006.
*200 Anne D. Ogden of Bazinsky & Korman, P.A., Plantation, for appellant.
Martin E. Leach of Feiler, Leach & McCarron, P.L., Coral Gables, for appellee.
MAY, J.
The order confirmed an appraisal award; the dispute is between an insured and insurer over hurricane damage to a residence; the real issue  attorney's fees. The insurer argues the court erred in confirming the appraisal award and entering a judgment because it timely participated in the appraisal and paid the award without the need for court intervention. We agree and reverse.
On February 18, 2005, the insured invoked the appraisal process after failing to reach an agreement with the insurer on the value of the damaged property over a five month period. On March 3, 2005, the insured's attorney wrote to the insurer's attorney concerning the rescheduling of an "Examination Under Oath." It identified the insured's appraiser and requested the insurer provide its appraiser no later than March 11, 2005.
On March 11, 2005, the insurer's appraiser sent a letter to the insured's appraiser. The letter referenced a prior phone conversation between the two, listed several potential umpires, and confirmed a March 19, 2005 meeting between the two. On April 15, 2005, the insured's attorney again wrote to the insurer's attorney. The letter demanded the appraisal, advised the insurer that it had twenty days within which to select its appraiser (which it had already done), and warned of a pending civil remedy.
Despite the progress of the appraisal process, on May 10, 2005, the insured filed a petition to compel appraisal against the insurer. According to the allegations, the insured had filed a demand for appraisal, a reasonable time had passed since the request, and the insurer had failed to comply. The petition alleged an attorney had been retained to protect the insured's interests because of the insurer's non-compliance. In its answer, the insurer admitted the existence of the insurance contract, denied the remaining allegations, and asserted its affirmative defenses, which focused on the insured's refusal to allow the insurer's representative access to her residence for inspection purposes.
On June 30, 2005, the trial court entered an agreed order appointing a neutral umpire and ordered the parties to coordinate the date and time of the appraisal. The appraisal award was issued on July 21, 2005. The insurer paid the award in full. Less than two weeks later, the insured filed a motion to confirm the appraisal award and to enter a judgment. The trial court granted the motion on October 19, 2005. From this order, the insurer appeals.
The insurer claims the trial court erred by entering the order confirming the appraisal award when the award had already been paid. It argues the insured only sought confirmation of the award to seek attorney's fees. The insured responds that the insurer never moved to vacate, modify, or clarify the award. Further, the insured argues the filing of the petition positively affected the insurer's participation in the appraisal process.
The precise issue raised is whether a court should confirm an appraisal award after it has been paid. The underlying question driving this case is whether an insurer is subject to attorney's fees, pursuant to section 627.428, Florida Statutes (2005), if the insured initiates litigation even though the insurer complies with the *201 terms of the alternative dispute resolution provided for in the insurance contract. Because of the laudable goal of the appraisal process  to resolve disputes without litigation  and the potential to evade that goal by resort to the court system, we hold that there is no need to confirm an appraisal award in circumstances such as those presented here.
Two cases shed light on this issue, Nationwide Property and Casualty Insurance v. Bobinski, 776 So.2d 1047 (Fla. 5th DCA), review denied, 791 So.2d 1094 (Fla. 2001), and Travelers Indemnity Insurance Company of Illinois v. Meadows MRI, LLP, 900 So.2d 676 (Fla. 4th DCA 2005).
In Nationwide, the insured filed suit to confirm an appraisal award and determine its right to attorney's fees. The insured filed suit seventeen days after the completion of two appraisals and full voluntary payment of both claims. The Fifth District found the court erred in awarding fees because no final judgment had been entered. The court noted that "[a]ttorney's fees have been awarded when suit was filed prior to payment of the appraisal or arbitration award or to compel an insurer to participate in an appraisal." Id. (citing State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832-33 (Fla.1993)).
Our court reached a different conclusion in Travelers. However, several facts distinguished the case from Nationwide. In Travelers, the insurer first engaged in a four-month investigation to determine exclusively the existence of coverage for the loss. In response, the insured retained legal counsel. After efforts to settle the dispute failed, the insured invoked the appraisal provision of the insurance contract. The appraisal process lasted over a year. During that time, the insured filed a declaratory judgment action to determine the procedure to be used during the appraisal and entitlement to attorney's fees. Once the appraisal process was completed, the insurer quickly paid the insured. Travelers, 900 So.2d at 676-78.
This court distinguished Nationwide. We noted that the insured had filed the declaratory judgment action before completion of the appraisal and the insurer failed to appeal the final judgment confirming the appraisal award. Id. at 678. We also noted that the "suit and any accompanying legal work at bar was not merely a means to an end." Id. We therefore affirmed the court's award of attorney's fees.
We find this case distinguishable from Travelers and more like Nationwide. First, the insurer in Travelers failed to appeal the order confirming the appraisal award. Here, the insurer has specifically appealed a similar order. Second, Travelers involved a coverage dispute between the insured and the insurer; no coverage dispute exists in this case.
Third, the insured in Travelers was required to seek declaratory relief to proceed with the appraisal process; there was no declaratory relief sought in this case. We acknowledge that the insured in this case sought and obtained an agreed order, appointing a neutral umpire, but that is not the same as having to litigate coverage or the appraisal process. Fourth, the insurer in this case met the insured's demand for appointment of an appraiser in the time frame provided, agreed to the neutral umpire, and paid the appraisal award in a timely manner. And last, this case does not yet involve an award of fees following entry of an un-appealed final judgment.
We cannot fault the insurer for complying with the terms of its insurance contract by participating in the appraisal process and paying in a timely manner. To do so would dissuade insurers from complying *202 with the terms of their own agreements. In this case, the insured filed the petition before the appraisal award was issued, but not prior to the time the carrier had already appointed its own appraiser and participated in the appraisal process. The insurer did not contest coverage, but rather participated in the contractual appraisal process because it could not reach an agreement with the insured over the disputed amount of the insured's claim. To rule otherwise would encourage an insured to run to the courthouse rather than to participate in the alternative dispute resolution outlined by the agreement between the parties. This is contrary to the intent and purpose behind the appraisal process.
To affirm the confirmation order, thereby authorizing a future award of attorney's fees, where the parties voluntarily participated in alternative dispute resolution would also be contrary to the intent and purpose of section 627.428, Florida Statutes (2005). "The purpose behind section 627.428 is plainly to place the insured or beneficiary in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees." Travelers, 900 So.2d at 679.
We therefore reverse and remand the case to the trial court to vacate the order confirming the appraisal award.
STEVENSON, C.J., and SHAHOOD, J., concur.