982 So.2d 15 (2008)
Lois JERKINS and Rodney Jerkins, Appellant,
v.
USF & G SPECIALTY INSURANCE COMPANY, Appellee.
No. 5D07-710.
District Court of Appeal of Florida, Fifth District.
March 14, 2008.
Earl I. Higgs, Jr., of Morgan and Morgan, P.A., Orlando, for Appellant.
Andrew P. Rock and David R. Terry, Jr., of Kingsford & Rock, P.A., Maitland, for Appellee.
ORFINGER, J.
Lois and Rodney Jerkins appeal the trial court's denial of their motion for attorney's fees and costs. They contend that although the dispute with their insurer, USF & G Specialty Insurance Company ("USF & G"), settled without trial, they are entitled to attorney's fees under section 627.428, Florida Statutes (2006). We agree and reverse.
*16 The Jerkinses sustained damage to their home due to Hurricane Charlie. At the time, the Jerkinses' home was insured by USF & G. A USF & G claims adjuster determined that the Jerkinses sustained property damage of $715.60. Since this was less than the policy deductible, USF & G made no payment on the claim. Six months later, the Jerkinses filed a breach of contract action against USF & G. The complaint alleged that they had notified USF & G of their damage and performed all conditions precedent to entitle them to benefits, but that USF & G had refused to pay the amount necessary to repair the Jerkinses' home, and repair or replace their damaged contents. The Jerkinses requested payment for damages to their home and its contents, in addition to interest, attorney's fees, and costs.[1]
USF & G filed a motion to dismiss or abate the Jerkinses' suit in favor of appraisal, in accordance with the insurance policy, which provided, in pertinent part:
SECTION ICONDITIONS
. . . .
E. Mediation Or Appraisal
If you and we fail to agree on the amount of loss, either may:
. . . .
2. Demand an appraisal of the loss. . . .
(Emphasis added). After the motion was filed, the parties participated in an appraisal of the damage. The appraisers determined the loss to be $9,084.29, which USF & G paid, minus the deductible. Following payment, the Jerkinses filed a motion for attorney's fee and costs. In their motion, the Jerkinses maintained that USF & G's payment constituted a confession of judgment, entitling them to attorney's fees under section 627.428, Florida Statutes (2006). In its memorandum in opposition to the Jerkinses' motion for attorney's fees, USF & G argued that the Jerkinses were not entitled to attorney's fees because the parties' dispute was resolved through appraisal, not litigation. After a hearing, the trial court denied the motion for attorney's fees, citing Federated National Insurance Co. v. Esposito, 937 So.2d 199 (Fla. 4th DCA 2006), in support of its decision. This appeal followed.
We review the trial court's interpretation of a statute de novo. Brass & Singer, P.A. v. United Auto. Ins. Co., 944 So.2d 252, 253 (Fla.2006) (citing B.Y. v. Dep't of Children & Families, 887 So.2d 1253, 1255 (Fla.2004)). Section 627.428, governing the award of attorney's fees to insureds who prevail in litigation against their insurers, provides in relevant part:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. *17 § 627.428(1), Fla. Stat. (2006). "Section 627.428 was intended `to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.'" Progressive Express Ins. Co. v. Schultz, 948 So.2d 1027, 1029-30 (Fla. 5th DCA 2007) (quoting Ins. Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla.1992)). To further this purpose, Florida courts have held that "[a]n insurer will owe attorney's fees to its insured where coverage is disputed and the insured prevails whether by judgment or a confession of judgment." First Floridian Auto & Home Ins. Co. v. Myrick, 969 So.2d 1121, 1124 (Fla. 2d DCA 2007); see also Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217 (Fla.1983).
Generally, "[p]ayment made after a suit is filed operates as a confession of judgment." Myrick, 969 So.2d at 1124. In Cincinnati Insurance Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974), the Fourth District Court explained:
[I]t is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying the insurance proceeds to the insured or the beneficiary at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of a judgment. . . . We think the statute must be construed to authorize the award of an attorney's fee to an insured or beneficiary under a policy or contract of insurance who brings suit against the insurer after the loss is payable even though technically no judgment for the loss claimed is thereafter entered favorable to the insured or beneficiary due to the insurer voluntarily paying the loss before such judgment can be rendered. After all, such voluntary payment by the insurer is the equivalent of a confession of judgment against it.
Id. at 99 (citations omitted). We adopted the Fourth District's reasoning in Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980), holding that the statutory obligation for attorney's fees under section 627.428 "cannot be avoided simply by paying the policy proceeds after suit is filed but before a judgment is actually entered because to so construe the statute would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation." Id. at 533.
In discussing the confession of judgment doctrine as it relates to section 627.428, in State Farm Florida Insurance Co. v. Lorenzo, 969 So.2d 393, 397-98 (Fla. 5th DCA 2007), we said:
The confession of judgment doctrine turns on the policy underlying section 627.428: discouraging insurers from contesting valid claims and reimbursing insureds for attorney's fees when they must sue to receive the benefits owed to them. Pepper's Steel & Alloys, Inc. v. United States, 850 So.2d 462, 465 (Fla. 2003). This doctrine applies where the insurer has denied benefits the insured was entitled to, forcing the insured to file suit, resulting in the insurer's change of heart and payment before judgment. See, e.g., Ivey v. Allstate Ins. Co., 774 So.2d 679, 684 (Fla.2000); Palmer v. Fortune Ins. Co., 776 So.2d 1019, 1021 (Fla. 5th DCA 2001); U.S. Sec. Ins. Co. v. LaPour, 617 So.2d 347, 348 (Fla. 3d DCA 1993). However, courts generally do not apply the doctrine where the insureds were not forced to sue to receive benefits; applying the doctrine would encourage unnecessary litigation by rewarding a race to the courthouse for attorney's fees even where the insurer was complying with its obligations under the policy.

*18 ....
. . . . While Florida law does hold that payments are treated as confessions of judgment where an insurer first disputes the claim and then settles, the existence of a bona fide dispute and not the mere possibility of a dispute, is a crucial condition precedent to such a holding.
On this record, it is unclear what occurred between USF & G's initial estimate of damages and when the Jerkinses filed suit six months later. What is clear is that there was a substantial discrepancy between USF & G's initial estimate of the damages to the Jerkinses' property ($715.60) and the final appraisal value ($9,084.29). It appears that there was a bona fide dispute between the parties as to the amount of property damage and that the Jerkinses complied with the policy prior to filing their lawsuit. Further, the Jerkinses did not "race to the courthouse" to file a complaint against USF & G, as they waited nearly six months after USF & G's initial assessment to file their complaint. USF & G's payment to the Jerkinses acted as a confession of judgment, such that the Jerkinses were entitled to attorney's fees under section 627.428, Florida Statutes.
If the USF & G insurance policy contained a mandatory arbitration or appraisal provision, the Jerkinses would not be entitled to attorney's fees under section 627.428. But the USF & G appraisal clause was permissive, not mandatory, providing that either party may demand an appraisal. The Jerkinses were not required to request an appraisal prior to filing their lawsuit. See Oakdale Park, Ltd. v. Byrd, 346 So.2d 648, 650 (Fla. 1st DCA 1977) ("A party, who has entered into a contract requiring arbitration, may not flagrantly disregard this contractual prerequisite, march down to the courthouse, file a complaint of foreclosure, and demand an attorney's fee by reason of ignoring at the outset his contractual duty to arbitrate.").
In denying the Jerkinses' motion for attorney's fees and costs, the trial court relied on Esposito, 937 So.2d 199. Esposito is factually distinguishable. There, the insured invoked the appraisal process to settle a dispute she had with her insurer over the value of hurricane damage to a structure. Through the appraisal process, the parties agreed upon a value of the damage and the insurer paid the appraisal award in full. Only after the appraisal process was well underway did Ms. Esposito file an action seeking to confirm the appraisal award and attorney's fees. The Fourth District held that the trial court erred in confirming the appraisal award and entering judgment in favor of the insured because the parties settled their dispute without litigation. The Esposito lawsuit was filed simply to obtain fees, not to settle a dispute. See also Nationwide Prop. & Cas. Ins. v. Bobinski, 776 So.2d 1047 (Fla. 5th DCA 2001) (holding that insured not entitled to attorney's fees when it filed suit to confirm appraisal award solely to obtain attorney's fees). Unlike Esposito, where the insured filed a suit solely to be entitled to attorney's fees, here, it appears that USF & G would not have paid the Jerkinses the proper amount of the loss without judicial intervention.
For these reasons, we reverse the order denying the Jerkinses' request for attorney's fees and remand with directions that the circuit court award reasonable attorney's fees and costs to the Jerkinses.
REVERSED AND REMANDED.
MONACO and TORPY, JJ., concur.
NOTES
[1] The parties provide different accounts of what happened between USF & G's initial estimate of damages in September or October 2004 and when the Jerkinses filed their complaint in April 2005. The Jerkinses maintain that they contacted USF & G to inform it that they were dissatisfied with its estimate of their property damage, but were "ignored." After waiting nearly six months for a response from USF & G, the Jerkinses filed suit. USF & G, on the other hand, claims that it did not learn that the Jerkinses were dissatisfied until they filed suit. Unfortunately, no testimony or evidence was presented at the fee hearing, so the record is silent on the matter.