STEVENSON, J.
In this appeal, homeowners Robert and Nancy Lewis challenge the denial of their motion seeking prevailing party attorney’s fees from their insurer, Universal Property and Casualty Insurance Company (Universal), pursuant to section 627.428, Florida Statutes (2008). In short, the insureds contend that they were entitled to a fee award under the statute even though they filed their civil complaint after the insurer invoked its right to an appraisal and that the absence of a court order or judgment is not fatal to their claim. Under the facts of this case, we agree and reverse the order appealed.
Following Hurricane Wilma, in October of 2005, the roof of the Lewises’ Coral Springs residence was damaged. At the time, the property was insured by Universal. The insurance contract provided that, if there was a dispute regarding the amount of the loss, either party could demand mediation or an appraisal. In the event that it was the insurer who demanded the mediation, the insured was not required to submit to an appraisal as a precondition to suit against the insurer.
Our record is silent as to what transpired between the October 2005 loss and May of 2006. June 2006 through November 2006 correspondence between the Lewises and Universal, though, reflects that the Lewises were seeking to have the insurer cover the cost of a new roof and the insurer was refusing. In a November 16, 2006 letter, the insurer asserted that its engineer had examined the roof, that the insurer would pay the cost for replacing one square foot of concrete tile and 120 linear feet of ridge tiles, and that the remainder of the loss was the result of aging, wear and tear, or construction deficiencies. The letter advised the Lewises of their right to invoke the policy’s mediation and appraisal processes and closed by *1081 stating that the insurer was “closing [its] file.”
Thereafter, the Lewises and Universal participated in mediation. An impasse was declared in January of 2007. On February 12, 2007, the Lewises retained counsel. On February 13, 2007, the Lewises’ lawyer sent Universal a letter and a draft civil complaint, asserting a claim for breach of contract. On February 20th, Universal sent a letter to the Lewises’ counsel, indicating it was invoking its right, under the insurance contract, to an appraisal; in the letter, Universal expressly reserved the right to “deny the claim.” On March 7, 2007, the Lewises filed suit against Universal, alleging breach of contract and seeking declaratory relief on the issue of coverage. Over the Lewises’ objection, the appraisal went forward and the civil suit was stayed. In September of 2007, the appraisal was concluded and Universal paid the Lewises in excess of $51,000.
After the appraisal process was concluded, the Lewises filed a motion seeking the award of section 627.428 prevailing party attorney’s fees. The insurer insisted fees were not properly awarded as it had never denied coverage; rather, there was merely a dispute as to the amount of the loss, and it had invoked the policy’s appraisal process prior to the insureds’ filing suit. It also asserted that fees were not appropriate as the appraisal award was never confirmed by a court and there had never been any judicial relief in favor of the insureds. The trial court denied the motion for fees.
Section 627.428, Florida Statutes (2008), provides, in relevant part:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured ..., the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. “The purpose behind section 627.428 is ... to place the insured ... in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney’s fees.” Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP, 900 So.2d 676, 679 (Fla. 4th DCA 2005).
Florida’s cases have uniformly held that a section 627.428 attorney’s fee award may be appropriate where, following some dispute as to the amount owed by the insurer, the insured files suit and, thereafter, the insurer invokes its right to an appraisal and, as a consequence of the appraisal, the insured recovers substantial additional sums. See, e.g., Goff v. State Farm Fla. Ins. Co., 999 So.2d 684 (Fla. 2d DCA 2008); Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15 (Fla. 5th DCA 2008); First Floridian Auto & Home Ins. Co. v. Myrick, 969 So.2d 1121 (Fla. 2d DCA 2007), review denied, 980 So.2d 489 (Fla.2008); Ajmechet v. United Auto. Ins. Co., 790 So.2d 575 (Fla. 3d DCA 2001). Underlying these decisions is the notion that the insureds were entitled to fees as the insureds “did not ‘race to the courthouse,’ ” see Jerkins, 982 So.2d at 18, the suit was not filed simply for the purpose of the attorney’s fee award, but rather to resolve a legitimate dispute, see id., and the filing of the suit acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract, see State Farm Fla. Ins. Co. v. Lorenzo, 969 So.2d 393, 398-99 (Fla. 5th DCA 2007).
*1082 There are far fewer cases addressing an insured’s entitlement to fees in the circumstance where suit is filed after the insurer invokes the appraisal process. This was, however, the circumstance in both Travelers Indemnity Insurance Co. of Illinois v. Meadows MRI, LLP, 900 So.2d 676 (Fla. 4th DCA 2005), and Federated National Insurance Co. v. Esposito, 937 So.2d 199 (Fla. 4th DCA 2006). The decisions in these cases plainly indicate that whether suit is filed before or after the invocation of the appraisal process is not determinative of the insured’s right to fees; rather, the right to fees turns upon whether the filing of the suit served a legitimate purpose.
In Meadows, attorney’s fees were held to be properly awarded to the insured where (1) for five months the insured investigated whether the loss was a covered loss and the amount of the loss; (2) six months after the loss, the insurer issued a payment significantly less than the insured’s estimate of loss; (3) nine months after the loss, the insurer invoked an appraisal; (4) before the appraisal began, the insured’s attorney sent a letter inquiring about the appraisal procedures and entitlement to fees and advising the insurer it would file a declaratory judgment action in the absence of a prompt response; and (5) the insurer failed to respond and, nearly sixteen months after the loss, the insured filed the threatened declaratory judgment action. In affirming the fee award, this court noted that the insured had attempted to resolve the dispute without resort to the courts and that “it is entirely possible that Travelers’ conduct and participation in the appraisal was affected by Meadows’ representation of counsel and the threat of what ultimately became a pending lawsuit.” Meadows, 900 So.2d at 679.
In Esposito, this court held fees were not properly awarded where (1) for five months the parties disputed the value of the damaged property; (2) the insured invoked the appraisal process; (3) in the two months that followed, the parties corresponded regarding the appraisal; and (4) “[djespite the progress of the appraisal process,” the insured filed a petition to compel arbitration. 937 So.2d at 200. In distinguishing Meadows, the Esposito court noted, among other things, that, in Meadows, there was a coverage dispute and the declaratory judgment action was necessary to proceed with the appraisal process.
We believe that the instant case is more akin to Meadows and that the insureds were entitled to fees. Here, more than a year after the loss, the insurer was taking the position that the bulk of the damage to the roof was not covered and indicating to the insured that it intended to take no further action and was “closing [its] file.” The insureds thus invoked their right to mediation under the insurance contract. When this failed to resolve the dispute, the insureds hired counsel and threatened suit, sending the insurer a draft complaint, stating a claim for breach of contract. Only after the insureds’ counsel sent the letter and draft complaint did the insurer invoke its right to an appraisal and, even in invoking such right, the insured asserted it was retaining the right to deny the claim.[1] The insureds then filed suit, stating a claim for breach of contract and seeking a declaratory judg *1083 ment regarding coverage. These circumstances are not indicative of an insured who “raced to the courthouse” or who filed suit simply for the purpose of securing a fee award. And, while it is true that the trial court never entered a judgment or an order confirming the appraisal award, it is undisputed that the insurer paid the claim. Florida law squarely holds that “payment after suit was filed operates as a confession of judgment ... entitling [the insured] to attorney’s fees.” Ivey v. Allstate Ins. Co., 774 So.2d 679, 684 (Fla.2000); see also Cincinnati Ins. Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974) (recognizing that section 627.428 speaks in terms of the rendition of a judgment by a court, but holding that “it is neither reasonable nor just that an insurer can avoid liability for statutory attorney’s fees by ... paying the insurance proceeds ... after suit is filed but before final judgment is. entered”). Consequently, we hold that the insureds were entitled to an award of section 627.428 prevailing party attorney’s fees and reverse the trial court’s order to the contrary.

Reversed and Remanded.

POLEN and DAMOORGIAN, JJ., concur.

. With some limitations, an insurer is allowed to retain the right to deny the claim following the appraisal process. See State Farm Fire & Cas. Co. v. Licea, 685 So.2d 1285 (Fla. 1996); see also Johnson v. Nationwide Mut. Ins. Co., 828 So.2d 1021 (Fla.2002). We do not suggest or determine that Universal's retention of the right to deny the claim was legally improper in this case.