ORFINGER, J.,
dissenting.
Because the trial court lacked subject matter jurisdiction to enter the challenged final judgment, I respectfully dissent.
Cooperativa De Seguros Multiples De Puerto Rico, Inc., issued a homeowner’s insurance policy that covered Epraim Cin-tron’s home. In 2004, Mr. Cintron’s home was damaged by Hurricane Charley. Coo-perativa estimated that Mr. Cintron suffered a $5,354 loss, which it promptly paid, less the $1,000 policy deductible. Dissatisfied with Cooperativa’s estimate of his losses, Mr. Cintron filed suit against Coo-perativa, seeking damages in excess of $15,000. Cooperativa immediately invoked its rights under the appraisal provision of the policy and requested the trial court to abate the litigation during the pendency of the appraisal process. While the trial court ordered the matter to appraisal, it denied Cooperativa’s request to abate the litigation.[1] The appraisers ultimately determined that Mr. Cintron sustained a loss of $8,009.76, which Cooperativa paid, less the amounts previously tendered and the policy deductible.
Despite the fact that the appraisal award had been paid, Mr. Cintron then asked, and the trial court agreed, to confirm the award. This was unnecessary and certainly was not a prerequisite to an award of attorney’s fees, which is what this matter appears to really be about. Federated Nat’l Ins. Co. v. Esposito, 937 So.2d 199 (Fla. 4th DCA 2006). When, as here, an insurer pays policy proceeds after suit has been filed, but before a judgment has been rendered, the payment acts as a functional equivalent of a confession of judgment, assuming a bona fide dispute between the parties. Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15, 18 (Fla. 5th DCA 2008).
Unfortunately, confirming the appraisal award did not conclude the litigation. Several months after the appraisers determined his loss as $8,009.76, Mr. Cintron, *625 again with the trial court’s approval, filed an amended complaint, seeking damages in excess of $15,000 for precisely the same losses already addressed by the appraisers. Thereafter, and without a hearing, the trial court entered a final judgment against Cooperativa in the amount of $3,261.76.[2] It is from that final judgment that Cooperativa appeals.
In affirming the final judgment, the majority overlooks a fatal jurisdictional defect. The final judgment was entered on Mr. Cintron’s amended complaint. Several months before the amended complaint was filed, Mr. Cintron knew that his damages were slightly more than $8,000, because he had been through the appraisal process. Yet, despite that knowledge, Mr. Cintron’s complaint sought damages in excess of $15,000.
The circuit courts of Florida have subject matter jurisdiction over actions at law in which the matter in controversy exceeds $15,000, exclusive of interest, costs, and attorney’s fees. See Art. V, § 20(c)(3), Fla. Const.; §§ 26.012(2)(a), 34.01(l)(c), Fla. Stat. (2006). In determining whether the trial court’s jurisdiction has been properly invoked, the controlling standard is the amount claimed and in good faith placed in controversy, not the amount actually recovered. See Metro. Drywall Sys., Inc. v. Dudley, 472 So.2d 1345 (Fla. 2d DCA 1985). Here, although the amended complaint alleges an amount in controversy exceeding $15,000, in fact, as Mr. Cintron’s counsel candidly conceded at oral argument, the amount in controversy was just $8,009.76, the amount of the appraisal award. Hence, the claim for damages in excess of $15,000 was not, and could not have been, made in good faith. As a result, the trial court was without jurisdiction to enter the final judgment and the matter should have been transferred to the county court. See DNA Ctr. for Neurology & Rehab. v. Progressive Am. Ins. Co., 13 So.3d 74 (Fla. 5th DCA 2009). This view is hardly revolutionary. As our supreme court said in Seaboard Air Line Railway v. Maxey, 64 Fla. 487, 60 So. 353, 354 (1912), “[t]he amount of damages stated in the ad damnum clause of the declaration does not determine the jurisdiction of the court, when the real ‘demand or value of the property involved’ otherwise clearly appears, and the ad dam-num is in excess of the real demand.”
The concurring opinion posits that “[o]nce invoked, the circuit court retained jurisdiction to enter an award, irrespective of the amount.” While I agree with that statement as a general principle of law, I do not believe it applies here. Mr. Cintron chose to file an amended complaint, which despite its claims, fell solely within the jurisdiction of the county court. Under Florida Rule of Civil Procedure 1.190(c), Mr. Cintron’s amended complaint related back to the date of his original complaint. It supplemented and replaced it entirely. Had the amended complaint sought damages in the amount of $8,009.76 as it should (assuming the need for an amended complaint), I suspect no one would question the propriety of transferring the matter to county court. See Fla. R. Civ. P. 1.060(a). Indeed, in my view, our opinion in DNA Center requires it.
For these reasons, I believe the final judgment should be reversed and the matter transferred to the county court.

. The decision not to abate the litigation, made by a predecessor judge, has resulted in an enormous waste of time and resources. This modest claim has evolved into a court file consisting of thirteen volumes comprised of 2,108 pages. No useful purpose was served by allowing the appraisal process and the litigation to run a parallel course.

. The amount of the final judgment appears to be mathematically incorrect and fails to account for the second payment that Coopera-tiva made to Mr. Cintron in the amount of $2,655.76 after the appraisers filed their report.