COPE, J.
This is an appeal and cross-appeal of an order denying attorney’s fees under section 627.428, Florida Statutes (2009), for services rendered in connection with an appraisal under a homeowners insurance policy. We affirm in part and reverse in part.
The appellants, Jose and Martha Pineda, are the insureds in a homeowners insurance policy issued by State Farm Florida Insurance Company (“State Farm”). Their home was damaged by Hurricane Wilma in October 2005. Two-and-one-half years later, on February 27, 2008, the Pinedas made a claim for hurricane damage to their home. By March 17, 2008, an engineer, retained by State Farm, inspected the property and generated an itemized estimate of damage in the amount of $23,951.41. On March 21, 2008, the Pine-das countered with an estimate of $103,200.
On May 19, 2008, State Farm made payment based on its estimate and, three days later, invoked the appraisal clause of the property. The Pinedas replied that they, too, invoked the appraisal clause. The appraisal clause in Section 1 — Conditions, reads:
4. Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser’s identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.
When the parties were unable to agree on an umpire, State Farm filed a Petition for Selection of Neutral Umpire. In Paragraph 17 of the Petition, State Farm alleged as follows:
17. The appraisal provision provides that the appraisers, if they cannot agree shall submit their differences to the umpire. The only manner in which the differences can be submitted is in a line by line item estimate. The appraisal process merely determines the amount of the loss and coverage is the exclusive jurisdiction of the court. In this case, coverage issues have arisen and the only way for the parties to ensure that contested coverage items are not included in the appraisal award, is to delineate the *892 appraisal award in a line item estimate. A vast amount of judicial resources will be saved by ordering that the scope of the appraisal be delineated, itemizing each area and item of damage and the amount to repair or replace each item, in a line by line item estimate.
The Pinedas filed an answer to the Petition, agreeing that the assistance of the trial court was necessary to resolve the impasse over the umpire. In Count 2 of their amended counterclaim, the insureds sought a declaratory judgment that the trial court was not authorized, under the language of the appraisal clause, to require an itemized appraisal by the umpire. State Farm moved to dismiss the counterclaim on the ground that the matter currently was in appraisal and that the counterclaim was premature.
With regard to the request for an itemized appraisal, the Pinedas stated that they had discussed the issue with the umpire, and the umpire told the Pinedas that use of a line by line appraisal form would increase the amount of fees the umpire would charge. Apparently the umpire did not say what that additional amount might be.
The court entered an interlocutory order stating that the insurance policy itself does not require a line by line appraisal, so the court denied State Farm’s request. The court recommended (but did not require) that the parties agree to a line by line award if State Farm would pay for the additional time that is required for the umpire to prepare an itemized award. However, State Farm did not accept that recommendation and did not offer to pay the additional umpire fee. Accordingly, the umpire completed his work without preparing a line by line estimate. An award of $111,000 was entered in favor the Pinedas, which State Farm promptly paid.
The Pinedas requested an award of attorney’s fees under section 627.428, Florida Statutes, for the legal services performed in court. A successor judge entered a final order in the case, memorializing the earlier ruling regarding the line by line appraisal, but denying attorney’s fees. The Pinedas have appealed and State Farm has cross-appealed.[1]
The sole issue before us is whether the Pinedas are entitled to an award of attorney’s fees for successfully defeating State Farm’s request that the trial court direct the umpire to provide an itemized appraisal.
An insured is entitled to attorney’s fees under 627.428, Florida Statutes, where it was reasonably necessary for the insured to litigate in court in connection with an appraisal under an insurance policy. Lewis v. Universal Prop. & Cas. Ins. Co., 13 So.3d 1079, 1081-82 (Fla. 4th DCA 2009); Fed. Nat’l Ins. Co. v. Esposito, 937 So.2d 199, 200-02 (Fla. 4th DCA 2006); Travelers Indem. Ins. Co. v. Meadows MRI, LLP, 900 So.2d 676, 678 (Fla. 4th DCA 2005). The Fourth District has said that “whether suit is filed before or after the invocation of the appraisal process is not determinative of the insured’s right to fees; rather, the right to fees turns upon whether the filing of the suit served a legitimate purpose.” Lewis, 13 So.3d at 1082.
Both parties agree that attorney’s fees are not awardable where, as here, the appraisers fail to agree on the appointment of an umpire and it becomes necessary for one or both parties to file suit to ask the court to make the appointment. Accord *893 ingly, no fees are to be awarded for that portion of the case.
In this case, State Farm raised the question of the appraisal award format. The appraisal process was ongoing. Not only was the Pinedas’ counterclaim for declaratory relief proper, see Higgins v. State Farm Fire & Cas. Co., 894 So.2d 5, 9 (Fla.2004), but resolution also was necessary to the completion of the appraisal process. It is not necessary for us to decide here whether the trial court correctly interpreted the appraisal clause. It is only necessary for us to decide whether resolution of the issue presented by the Pinedas’ declaratory counterclaim was reasonably necessary in connection with the ongoing appraisal. We hold that it was. The request for a line item appraisal was initially raised by State Farm and the Pinedas reasonably responded with their request for a declaratory judgment. They attained a benefit by the trial court’s ruling. The appraisal award was in favor of the Pinedas and State Farm paid the award. See Coppola v. Fed. Nat’l Ins. Co., 989 So.2d 1171, 1172-74 (Fla. 4th DCA 2006). Accordingly we reverse and remand for a (modest) attorney’s fee award on this issue.
State Farm has filed a cross-appeal, arguing that the trial court should not have entered a partial final judgment disposing of the insureds’ counterclaims. We disagree, as a final order was needed in order to dispose of the counterclaims and bring the case to a conclusion.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
SHEPHERD, J., concurs.

. The Pinedas abandoned Count 1 of the Amended Counterclaim, and do not request attorney’s fees for it, so we do not address it here.