COHEN, J.
 

 This is an appeal and cross-appeal of a final judgment awarding attorney’s fees in the amount of $1,430, in connection with a claim made under an automobile insurance policy. We affirm the issue raised on
 
 *844
 
 cross-appeal, but reverse on the issue raised in the direct appeal.
 

 On December 22, 2008, Swtone Barreau was involved in an automobile accident in which he sustained bodily injuries and his car sustained property damage. Barreau was insured by Peachtree Casualty Insurance Company (“Peachtree”) under an automobile policy. Peachtree initially contended that Barreau was not insured with respect to the accident because he failed to pay the policy premiums. Barreau obtained counsel and filed a complaint against Peachtree that referenced only bodily injuries. Prior to being served with the lawsuit, Peachtree sent Barreau a notice informing him that the policy had been reinstated retroactive to the accident because it had determined the premiums had been paid. The following day, Peachtree was served with process. After reinstatement, Barreau filed an amended complaint in which he alleged for the first time that Peachtree refused to repair his vehicle. Barreau’s second amended complaint, filed without objection, added a claim against Peachtree for breach of contract due to its failure to repair his vehicle.
 

 Peachtree failed to make payment under its policy until September 14, 2009, nearly nine months after the accident. On that date, Peachtree finally paid Barreau the sum of $2,057 for the damage to his vehicle. Thereafter, Barreau filed a motion to tax fees and costs pursuant to section 627.428(1), Florida Statutes (2009), which requires an award of fees to an insured upon the “rendition of a judgment or decree” against an insurer and in favor of a named insured. The motion argued that Peachtree’s payment of Barreau’s property damage claim was the equivalent of a “confession of judgment,” entitling him to attorney’s fees. In response, Peachtree argued that Barreau had not been “forced” to file suit to obtain coverage and therefore fees could not be awarded.
 
 See, e.g., Lewis v. Universal Prop. & Cas. Ins. Co.,
 
 13 So.3d 1079, 1081 (Fla. 4th DCA 2009);
 
 State Farm Fla. Ins. Co. v. Lorenzo,
 
 969 So.2d 393 (Fla. 5th DCA 2007).
 

 The only evidence before the court at the fee hearing was an affidavit submitted by Peachtree, in which its adjuster averred that although Barreau’s claim was initially denied for nonpayment of his premiums, his policy was reinstated on February 19, 2009, and coverage for the after-filed property damage/collision claim had never been denied or disputed. Peachtree did not attempt to explain why it had delayed payment to Barreau for more than six months after his filing of an amended complaint. In its final order, the trial court awarded Barreau fees incurred through March 11, 2009, which is the date on which his counsel apparently was informed that coverage had been reinstated, and the equivalent of one hour of attorney time for establishing entitlement to those fees. However, the trial court refused to award Barreau fees through the date on which payment was made for his property damage claim, ostensibly finding that Barreau had not been forced to file suit to obtain coverage for his property damage claim.
 

 In this appeal, Barreau seeks statutory attorney’s fees through the date of the final judgment, as well as fees for establishing his right to fees. Peachtree seeks to obtain reversal of the fees previously awarded through March 11, 2009, claiming that the lawsuit had no effect on its decision to provide coverage for Barreau’s accident and property damage claim.
 

 The undercurrent running through this claim is that this was a “staged” accident the insurance company had a right to investigate. While this is a significant problem throughout Florida and no one questions the insurance industry’s right to investigate fraudulent claims, Peach-
 
 *845
 
 tree’s intuition is insufficient to supply a basis for the delay in payment of Bar-reau’s property damage claim.
 

 The record is devoid of any factual basis for the belief that Barreau and the occupants of his vehicle staged the accident. Peachtree’s suspicions are inadequate to justify the failure to perform under the terms of the policy and compensate Bar-reau for his loss within a reasonable time. A delay of nine months from the date of the accident until the tender of payment is not reasonable under the facts and circumstances presented. Peachtree’s belated recognition of coverage does not effectuate repair of the vehicle and is little solace to the policy holder who is without transportation. Barreau was forced to secure counsel to both respond to the initial denial of coverage and to subsequently litigate over the delay in payment.
 
 [1]
 
 The trial court erred in not awarding attorney’s fees for the reasonable and necessary hours spent in pursuing those claims. His counsel may also recover reasonable fees incurred in establishing entitlement to fees.
 
 See State Farm Fire & Cas. Co. v. Palma,
 
 629 So.2d 830, 832-33 (Fla.1993).
 

 AFFIRMED IN PART, REVERSED IN PART, REMANDED.
 

 PALMER and MONACO, JJ., concur.
 

 [1]
 

 . There was no evidence Peachtree communicated the results of their initial appraisal with Barreau or invoked the appraisal clause under the policy.