MAY, C.J.
 

 Homeowners appeal an order denying their motion for attorney’s fees pursuant to section 627.428, Florida Statutes (2008). They argue the trial court erred in denying their request because they prevailed in a dispute with their insurance carrier. We agree and reverse.
 

 The insurer issued a policy covering the homeowners’ home. The policy provided coverage for property damage and additional living expenses as the result of an accident. In 2008, the home was flooded after a pipe broke causing extensive water damage, requiring repairs and replacements, cleaning, and other remedial measures. The homeowners also incurred additional living expenses. The policy provided for an appraisal of any dispute.
 

 The insurer paid $126,007.81 of the $312,542.39 claimed. The homeowners retained a public adjuster, who sent a letter to the insurer advising that the homeowners were invoking the appraisal provision under the policy and had designated an appraiser. The insurer also demanded an appraiser, obtained counsel, and re
 
 *161
 
 quested the homeowners submit to an “examination under oath.” On May 27, the insurer abated the appraisal process. On June 1, the homeowners wrote the insurer cancelling the examination under oath, but explained that they would try to reschedule. The letter again notified the insurer that the homeowners had invoked the appraisal process. The letter further advised that the homeowners had decided to obtain legal counsel.
 

 The homeowners filed a complaint seeking benefits under the policy. Based on the parties’ stipulation, the trial court entered an order staying the action for forty-five days, directing appraisal, but retaining jurisdiction “to address any issues relating to coverage or interpretation of the insurance policy; and any entitlement or amount of attorney’s fees or costs, if applicable.” The order further provided, “[u]pon conclusion of the Appraisal proceeding, this Court shall determine if there remain any outstanding issues for adjudication in this action and proceed accordingly.”
 

 The parties’ respective appraisers were unable to agree on an umpire. As a result, the homeowners filed a motion asking the trial court to appoint one. The trial court did so, and thereafter entered agreed orders extending the previous stay order and abating the action.
 

 A few months later, the umpire issued an award of $214,554.66, with additional living expenses to be awarded as incurred. The insurer issued a draft purportedly paying the net benefits owed, but in an amount that did not include certain unpaid claims. Soon thereafter, the homeowners moved to confirm the appraisal award and for entry of final judgment in the correct amount pursuant to the appraisal award.
 

 The motion alleged the appraisal award was almost $100,000.00 more than the amount the insurer had agreed to pay prior to filing suit. Moreover, the homeowners alleged that they had incurred $43,491.00 in additional living expenses, of which the insurer had paid $32,450.00, leaving an unpaid balance of $11,041.00. The homeowners requested an order confirming the appraisal award and a final judgment in the amount of $110,838.81, reserving jurisdiction to award attorney’s fees and costs. Prior to the hearing on the motion, the insurer agreed to pay $86,252.43.
 

 The homeowners filed a motion to lift the stay, and asked the court to determine the amount of additional living expenses owed. The trial court granted the motion, lifted the stay, and ordered the insurer to answer the amended complaint. In its answer, the insurer alleged it had paid all amounts due for the claimed loss, that the amounts being claimed were the result of a prior loss and not covered under the terms of the policy, and that the homeowners had failed to participate in the appraisal as required by the policy. The insurer ultimately paid the balance of the additional living expenses in the amount of $20,656.09.
 

 The homeowners then served their motion for entitlement to attorney’s fees pursuant to section 627.428(1), Florida Statutes (2008). The insurer responded with a memorandum in opposition. The trial court denied the motion for fees and the motion for rehearing. From these orders, the homeowners appeal.
 

 The homeowners argue they are entitled to attorney’s fees because they had to resort to the judicial process to obtain the benefits owed to them under the policy. The carrier responds that this court lacks jurisdiction and that the litigation did not serve a legitimate purpose.
 
 *162
 
 We have jurisdiction
 
 [1]
 
 and agree with the homeowners that they are entitled to attorney’s fees.
 

 We have de novo review.
 
 Brass & Singer, P.A. v. United Auto. Ins. Co.,
 
 944 So.2d 252, 253 (Fla.2006).
 

 Section 627.428, Florida Statutes, provides:
 

 Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
 

 § 627.428(1), Fla. Stat. (2008).
 

 “[WJhere an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney’s fees.”
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 684-85 (Fla.2000). A trial court should award attorney’s fees to an insured pursuant to section 627.428 when it appears as though the insurer “would not have paid [the insured] the proper amount of the loss without judicial intervention.”
 
 Jerkins v. USF & G Specialty Ins. Co.,
 
 982 So.2d 15, 18 (Fla. 5th DCA 2008).
 

 We have held that an insured is entitled to recover attorney’s fees under section 627.428 even though the complaint is filed after the insurer has invoked its appraisal rights and in the absence of final judgment.
 
 Lewis v. Universal Prop. & Cas. Ins. Co.,
 
 13 So.3d 1079, 1082-83 (Fla. 4th DCA 2009). “[T]he right to fees turns upon whether the filing of the suit served a legitimate purpose.”
 
 Id.
 
 at 1082.
 

 Here, the insurer’s payments of $20,656.09 and $86,252.43 made after suit was filed were tantamount to confessions of judgment entitling the homeowners to attorney’s fees. The homeowners’ lawsuit served a legitimate purpose because it motivated the insurer to pay not only the full amount of the appraisal award, but the additional living expenses incurred, as well. Before suit was filed, the carrier had abated the appraisal process. Judicial intervention moved the appraisal process forward and led to the umpire’s award.
 

 We find the insurer’s reliance on
 
 Federated National Insurance Co. v. Esposito,
 
 937 So.2d 199 (Fla. 4th DCA 2006) misplaced. In
 
 Esposito,
 
 we held that an insured was not entitled to recover attorney’s fees when it filed suit
 
 after
 
 the insurance company had fulfilled its obligations under the appraisal award.
 
 Es-posito,
 
 937 So.2d at 201-02. Here, because the insurer paid the full amounts claimed only after suit was filed, it essentially confessed judgment. The trial court erred in denying fees to the homeowners.
 

 We therefore reverse the order denying the homeowners’ attorney’s fees and remand the case for a determination of the amount.
 

 Reversed and Remanded.
 

 DAMOORGIAN and GERBER, JJ., concur.
 

 [1]
 

 .
 
 BDO Seidman, LLP v. British Car Auctions, Inc.,
 
 789 So.2d 1019, 1020 (Fla. 4th DCA 2001) (order denying attorney’s fees is appeal-able as a final order).