[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12076
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cv-01499-WWB-LRH

PAUL J. STANN,

Plaintiff-Appellant,

versus

THE FIRST LIBERTY INSURANCE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 3, 2021)

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Paul Stann argues that he is entitled to attorney's fees under section 627.428

of the Florida Statutes because his insurer, Liberty, settled his claim after he filed a

lawsuit.  But because Liberty was attempting to resolve the dispute through mediation when Stann sued, that section does not apply.  And though he claims that the district court made various errors when ruling on his motions, we find no abuse of discretion here.  Accordingly, we affirm.

I.

After Stann's property was damaged by a hurricane, he reported his losses to Liberty.  Liberty sent an adjuster to inspect the property pursuant to their policy.  The adjuster estimated that the cost to repair the damage was $4,295.19.  Stann disagreed; he thought the cost was $110,711.64.  This disagreement prompted Liberty to reinspect the property; this time, it estimated damages of $14,318.35.  Based on the new estimate, Liberty issued a payment of $4,014.68 to Stann to cover the undisputed portion of the loss, less the applicable deductible and recoverable depreciation.  Liberty asked Stann to show its estimate to his contractor; if his contractor's estimate was higher, he should contact Liberty before beginning work.  Liberty also said it would consider paying any difference once repairs were completed.

Stann still thought he was owed more, so he invoked his right to mediation under the policy.  He submitted a service request with the Florida Department of Financial Services.  The Department informed Liberty of the demand and appointed a mediator.  Under the Florida Administrative Code, the mediation

2

conference would be held at a reasonable location within 15 miles of the insured property, unless both parties agreed otherwise.  Because Stann did not live in the same state as the property, he requested permission to participate by phone.  Liberty preferred to mediate in person—as the Code allowed—and asked when Stann was available to do so.  The Department requested a status update from Stann about three weeks later.  Instead of providing possible dates to mediate, Stann said that he had hired a lawyer to file a lawsuit against Liberty.

Six days later, Stann sued Liberty in state court for breach of contract.  Liberty removed the case to federal court, and then moved to dismiss the complaint or, in the alternative, stay proceedings pending mediation.  The district court stayed the case for sixty days so the parties could participate in mediation.  In an effort to resolve the disagreement, Liberty hired a company to review the various estimates; that company estimated a total loss of $23,915.23.  Liberty sent that estimate to Stann before the date of mediation.

Mediation occurred, but ended in an impasse.  Liberty still paid Stann $13,151.71, which reflected the amount of its latest estimate plus interest, less prior payments and the deductible.  Stann then filed a motion in district court—the August 12, 2019 motion—arguing that this $13,151.71 payment entitled him to an award of attorney's fees under section 627.428 of the Florida Statutes.  That

3

section provides that an insured can recover attorney's fees if the court issues a judgment or decree in the insured's favor.  Fla. Stat. § 627.428.

A magistrate judge recommended denying Stann's motion.  The magistrate judge noted that Liberty stood ready to mediate the dispute before Stann sued.  Because Stann was not forced to litigate in order to recover from Liberty, there was no "confession of judgment" to trigger section 627.428.

Later, Liberty paid Stann $57,500 to settle all issues except for attorney's fees and taxable costs.  It's not completely clear why.  But Stann then filed a motion—the January 9, 2020 motion—asking for partial summary judgment and attorney's fees and costs or, in the alternative, an evidentiary hearing.  The district court denied that motion for attempting to relitigate motions already pending before the court and for being filed after the deadline for dispositive motions had passed.  It then dismissed the case with prejudice in light of the settlement, retaining jurisdiction to resolve the pending motions for attorney's fees.  Stann again filed a motion for attorney's fees on April 16, 2020.

The district court issued an order adopting after de novo review the magistrate judge's report and recommendation that had been filed before the final settlement payment.  The court also denied Stann's August 12, 2019 motion arguing that the first settlement payment entitled him to attorney's fees.  It then

4

denied as moot his April 16, 2020 motion for attorney's fees and costs. Once each motion had been addressed, the district court dismissed the case.

This appeal followed.

## II.

This Court reviews the denial of attorney's fees and costs for abuse of discretion. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1304 (11th Cir. 2001); *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). We review a district court's interpretation of state law de novo. *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007).

## III.

Under section 627.428 of the Florida Statutes, an insured is entitled to an award of attorney's fees if the court enters a judgment in favor of the insured. This section is triggered when there is "an incorrect denial of benefits, followed by a judgment or its equivalent of payment in favor of the insured." *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1219 (Fla. 2016). It is "well settled that the payment of a previously denied claim following the initiation of an action for recovery, but prior to the issuance of a final judgment, constitutes the functional equivalent of a confession of judgment" for this section. *Id.* at 1215. On the other hand, where an insurer is complying with the policy when the insured decides to sue, an award of attorney's fees under section 627.428 is unwarranted. *See State Farm Florida Ins.*

5

*Co. v. Lorenzo*, 969 So. 2d 393, 398 (Fla. Dist. Ct. App. 2007). This means that "not all post-suit payments by an insurer will constitute a confession of judgment." *Bryant v. GeoVera Specialty Ins. Co.*, 271 So. 3d 1013, 1019 (Fla. Dist. Ct. App. 2019).

The doctrine applies only where the insured was "forced to litigate" to receive benefits. *State Farm Florida Ins. Co. v. Lime Bay Condo., Inc.*, 187 So. 3d 932, 934 (Fla. Dist. Ct. App. 2016). Courts do not apply the doctrine where the insurer was complying with the policy and the insured might have recovered benefits without suing; that would reward a race to the courthouse for attorney's fees. *See Lorenzo*, 969 So. 2d at 398; *see also Goldman v. United Servs. Auto. Ass'n*, 244 So. 3d 310, 311 (Fla. Dist. Ct. App. 2018). Instead, the insurer must have previously—and incorrectly—denied benefits. *Johnson*, 200 So. 3d at 1219. Only when "the claims adjusting process breaks down and the parties are no longer working to resolve the claim within the contract" can the insured be entitled to fees under this section. *See Hill v. State Farm Florida Ins. Co.*, 35 So. 3d 956, 960 (Fla. Dist. Ct. App. 2010).

Stann argues that by making two additional payments after he filed the lawsuit, Liberty confessed judgment pursuant to section 627.428. Liberty, for its part, says that there is no evidence that Stann was forced to litigate in order to receive those payments; Liberty was actively engaged in the mediation process

6

when Stann sued.  In fact, Stann's own scheduling issues were the reason mediation had not yet taken place.  If Stann had allowed the process to proceed, he would have obtained these payments all the same.

In a similar case, a Florida court held that attorney's fees were not warranted.  There, the insured filed a motion to compel appraisal even though the insurer was complying with the appraisal process that the insured had invoked. *Federated Nat'l Ins. Co. v. Esposito*, 937 So. 2d 199, 202 (Fla. Dist. Ct. App. 2006).  The parties corresponded regarding appraisal for two months before the insured petitioned the court to compel appraisal.  *Id.* at 200.  Allowing attorney's fees in that situation, the court said, would "encourage an insured to run to the courthouse rather than to participate in the alternative dispute resolution outlined by the agreement between the parties."  *Id.* at 202.

Like the insurer in *Esposito*, Liberty complied with the policy and participated in the alternative dispute resolution outlined in their agreement.  Under the loss payment provision of the policy, Liberty was not required to pay any amount Stann requested.  Instead, its obligation was conditioned upon agreeing to a loss amount or a party obtaining a mediation award or final judgment.  Before Stann invoked mediation, Liberty tried to reach such an agreement; it adjusted the loss amount whenever Stann expressed disagreement with its estimates.  And after Stann invoked mediation, Liberty continued to cooperate by attempting to schedule

a date to meet.  Under a normal reading of the contract, both parties were required to attempt to resolve their dispute through mediation once Stann invoked that process.  Though Liberty attempted to, Stan did not.  Penalizing Liberty in this situation would dissuade insurers from complying with the terms of their own agreements.  *Esposito*, 937 So. 2d at 202; *see also Hill*, 35 So. 3d at 960.

Because Stann sued before mediation even took place, he cannot argue that he was "forced to sue."  *Lorenzo*, 969 So. 2d at 398.  Stann sued even though he had invoked mediation and even though Liberty was complying with the alternative dispute resolution laid out in their policy.  Liberty had not denied Stann benefits under the policy; to the contrary, it was attempting to negotiate a resolution of their dispute.  Because he could have complied with the alternative dispute resolution he himself invoked to receive these benefits, section 627.428 does not apply to his case.

Stann says that the touchstone for section 627.428 liability is whether the insurer pays additional benefits after the insured files a lawsuit, but the cases he cites say no such thing.  They instead show that section 627.428 only applies when an insured sues *after* the insurer incorrectly denied benefits or the claims adjusting process broke down.  *See, e.g.*, *Johnson*, 200 So. 3d at 1219; *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684–85 (Fla. 2000).  In *Johnson*, the insurer "totally denied Johnson's claim for insurance coverage" before switching its position during

8

litigation—warranting attorney's fees. 200 So. 3d at 1210, 1219. In *Goff*, the insured's lawsuit "forced" the insurer to request an appraisal and eventually pay significant additional amounts. *Goff v. State Farm Florida Ins. Co.*, 999 So. 2d 684, 688 (Fla. Dist. Ct. App. 2008). And in *Barreto*, the insurer had "abated the appraisal process," requiring judicial intervention for the insured's claim to be paid. *Barreto v. United Servs. Auto. Ass'n*, 82 So. 3d 159, 162 (Fla. Dist. Ct. App. 2012).

It simply is not the case that the confession of judgment doctrine applies whenever a plaintiff sues an insurer and money is later paid. *Lorenzo*, 969 So. 2d at 398. Here, Liberty did not incorrectly deny Stann benefits before he decided to sue; instead, it was attempting to reach an agreement on the amount of Stann's covered loss. And the mediation process had not yet broken down; Liberty was trying to schedule a date to meet to resolve the dispute. Because Stann was not forced to litigate in order to recover these benefits, and instead could have complied with the alternative dispute resolution he invoked, section 627.428 does not apply.

## IV.

Stann raises a few other arguments concerning the district court's rulings on his motions for attorney's fees. But because the district court did not err in any of these rulings, we affirm its decisions.

9

*First*, Stann says that the district court violated his due process rights by "refusing to consider his [January 9, 2020] motion on its merits." The district court denied this motion for two reasons: it improperly relitigated motions pending before the court and was filed outside the deadline for dispositive motions. Stann disagrees with both grounds.

As for the first ground, he thinks there were two independent bases for attorney's fees—Liberty's $13,151.71 payment and its later $57,500 payment to settle the claim. With that in mind, he thinks his August 12, 2019 and January 9, 2020 motions for attorney's fees litigated two different issues. Though we agree that each motion concerned a different payment, we disagree that each payment raised a different entitlement for attorney's fees. To determine whether section 627.428 applies, we need not look to when or how the insurer paid the insured's claims; we look to whether the insured was forced to litigate to get his claim paid. *Lime Bay*, 187 So. 3d at 934. If Liberty had incorrectly denied benefits *before Stann filed his lawsuit*, then Stann would have been entitled to attorney's fees once Liberty changed its position during his suit. That dispositive question—whether Liberty incorrectly denied benefits before Stann decided to sue—was the same in both of his motions. And if Liberty had incorrectly denied benefits before the suit, then Stann would be allowed to recover fees only once.

10

For that reason, the district court did not abuse its discretion in preventing Stann from relitigating this issue.

Stann also challenges the district court's determination that his motion fell outside the deadline for dispositive motions. We need not reach that question—we can affirm on any ground supported by the record. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012). Because we agree with the district court that the January 9, 2020 motion impermissibly relitigated issues raised in an earlier motion, we need not consider whether the motion also fell outside applicable deadlines.

*Second*, Stann says that the district court failed to determine whether he was a prevailing party for the purpose of taxing costs under 28 U.S.C. § 1920. But the district court plainly denied Stann's motion for costs in the same order that it denied his outstanding motions for attorney's fees. Because the court dismissed the case and denied Stann's remaining motions, it was not an abuse of discretion to determine that Stann was not the prevailing party for purposes of section 1920. *See Mathews*, 480 F.3d at 1276.

*Third*, Stann says that the court erred in finding that his April 16, 2020 motion was moot. That motion, again, hinged on whether Stann was forced to litigate in order to get Liberty to pay his claim. *Lime Bay*, 187 So. 3d at 934; *see also Johnson*, 200 So. 3d at 1219. Because the district court determined that he

was not forced to litigate when dismissing his January 9, 2020 motion, there was no issue left to decide regarding his April 16, 2020 motion. Without a confession of judgment, attorney's fees were not recoverable—no matter which payment the district court looked to. So the district court did not abuse its discretion in denying his later motion as moot after it had considered—and rejected—his earlier one.

*Fourth*, Stann claims that the district court abused its discretion by not holding an evidentiary hearing regarding his motions for attorney's fees. Stann mentions this issue in only one sentence of his initial brief without citing any authority. Because this is a conclusory argument devoid of any reasoning, we deem it abandoned. Fed R. App. P. 28(a)(8); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

\*     \*     \*

Stann was not forced to litigate in order to recover from Liberty, so he is not entitled to attorney's fees under section 627.428. And though he claims otherwise, the district court did not abuse its discretion in any of the rulings Stann challenges.

**AFFIRMED.**

12