CORTIÑAS, J.
 

 On November 26, 2009, Armando and Patty Colosimo (the “Insureds”) suffered water damage to their kitchen. On or about December 1, 2009, the Insureds reported their claim to Universal Property and Casualty Insurance Company (“Uni-vei'sal”), with whom they maintained a homeowners insurance policy (the “Policy”). Universal sent a letter to the Insureds in January 2010 advising them that the claim was not covered under the Policy. However, on February 8, 2010, Universal advised that the claim would be covered. Despite having already received a sworn proof of loss from the Insureds, Universal forwarded a new proof of loss form to them for execution and notarization. In response, on March 12, 2010, the Insureds sent Universal a copy of their previously filed proof of loss along with a request to commence the appraisal process pursuant to the terms of the Policy. Shortly thereafter, the Insureds formally invoked the appraisal process, selected their appraiser, and Universal, in turn, selected their own. In the months that followed, disputes arose between the parties’ respective appraisers and there was a failure to select a neutral umpire as set forth in the Policy.
 

 In July 2010, the Insureds filed suit against Universal for breach of contract and breach of implied covenant of good faith and fair dealing. Universal filed its answer and affirmative defenses, and, in late September 2010, filed a motion for the appointment of a neutral umpire and concurrent motion for stay (the “Motion”). Following a hearing, the trial court denied the Motion based upon Universal’s failure to comply with section 627.7015, Florida Statutes (2009). We affirm.
 

 Section 627.7015 sets forth an alternative mediation procedure for resolution of disputed property insurance claims and highlights the “particular need for an informal, nonthreatening forum for helping parties ... because most homeowner’s ... residential insurance policies obligate insureds to participate in a potentially expensive and time-consuming adversarial appraisal process prior to litigation.” § 627.7015(1), Fla. Stat. (2009). The statute specifically provides that “[a]t the time a first-party claim within the scope of this section is filed, the insurer shall notify all first-party claimants of their right to participate in the mediation program under
 
 *1243
 
 this section.” § 627.7015(2), Fla. Stat. (2009). However,
 

 [i]f the insurer fails to comply with subsection (2) by failing to notify a first-party claimant of its right to participate in the mediation program under this section or if the insurer requests the mediation, and the mediation results are rejected by either party, the insured shall not be required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder’s claims covered by the policy.
 

 § 627.7015(7), Fla. Stat. (2009) (emphasis added). The statutory requirements are further clarified in rule 69J-166.031 of the Florida Administrative Code, which “implements Section 627.7015, F.S.[,]” and specifies that:
 

 1. Within five days of the insured filing a first-party claim which falls within the scope of this rule, the insurer shall notify the insured of their right to participate in this program.
 

 2. Notification shall be in writing and shall be legible, conspicuous, printed in at least 12-point type, and printed in typeface no smaller than any other text contained in the notice. The first paragraph of the notice shall contain the following statement: “The Chief Financial Officer for the State of Florida has adopted a rule to facilitate the fair and timely handling of residential property insurance claims. The rule gives you the right to attend a mediation conference with your insurer in order to settle any claim you have with your insurer. An independent mediator, who has no connection with your insurer, will be in charge of the mediation.... ”
 

 3. The notice shall also:
 

 a. Include detailed instructions on how the insured is to request mediation, including the address, phone number, and fax number for requesting mediation through the Department;
 

 b. State that the parties have 21 days from the date of the notice within which to settle the claim before the Department will assign a mediator;
 

 Fla. Admin. Code R. 69J-166.031(1)
 
 &
 
 4(a)1-3 (emphasis added). “As we on more than one occasion have explained, a statute that is clear and unambiguous on its face requires no construction and should be applied in a manner consistent with its plain meaning.”
 
 Banton v. State Farm Mut. Auto. Ins. Co.,
 
 54 So.3d 1062, 1063 (Fla. 3d DCA 2011) (quoting
 
 Turnberry Invs., Inc. v. Streatfield,
 
 48 So.3d 180, 182 (Fla. 3d DCA 2010)). The plain language of section 627.7015, as well as that of rule 69-166.031, clearly provide that if an insurer fails to supply written notice of the right to mediate, the insured shall not be required to engage in a contractual loss appraisal process as a prerequisite to litigation.
 
 See
 
 § 627.7015, Fla. Stat. (2009); Fla. Admin. Code R. 69-166.031.
 

 In the case before us, Universal did not send notice to the Insureds regarding the right to participate in the state mediation program as required by section 627.7015. Universal argues that because the Insureds were aware of the mediation process in a contemporaneous, but separate, claim they filed, such knowledge obviated the need for the statutory notice.
 
 [1]
 
 
 *1244
 
 Universal proffers no case law, and our independent research has yielded none, that supports this argument. To the contrary, a federal court in the Southern District of Florida has held that even where parties have participated in mediation, and thus, knowledge of the process was clearly evident, an insurer’s failure to comply with the statutory notice requirement alleviates the insured from participating in a contractual appraisal process prior to litigation.
 
 See QBE Ins. Corp. v. Dome Condo. Ass’n,
 
 577 F.Supp.2d. 1256, 1258 (S.D.Fla.2008). More specifically, in
 
 QBE,
 

 There [was] no question that the [insurer] did not notify [the insured] of its right to participate in the mediation program. However, as noted above, the parties did utilize the mediation program. Despite [the insurer’s] arguments about notice, the statute specifically states that the insurer “shall notify all first-party claimants of their right to participate in the mediation program.” Fla. Stat. § 627.7015(2). The statute squarely puts the responsibility of notification on the insurer. [The insurer] did not meet this requirement. Thus, taking all of [the insured’s] facts as true, under the statute[, the insured] has the right to bring its counterclaims without having participated in the appraisal process.
 

 Id.
 
 at 1258 (emphasis added). We find this persuasive. Here, the Insureds provided affidavits stating that they never received the statutorily required notice from Universal. In addition, Universal, produced no evidence that it had complied with section 627.7015. Because Universal did not comply with the statutory notice requirements, we must affirm.
 
 See id.; Fla. Ins. Guar. Ass’n, Inc. v. Shadow Wood Condo. Ass’n,
 
 26 So.3d 610, 614 (Fla. 4th DCA 2009) (holding that insured was not required to participate in a contractual loss appraisal process where the insurer’s predecessor had failed to provide written notice as required by section 627.7015(2)).
 

 We note that Universal also argues that the Policy referenced the Insureds’ right to mediate and, because the Insureds voluntarily commenced the appraisal process, they must be bound to participate in the process through its conclusion. Again, no case law supports these arguments. First, the language in the Policy does not include all of the information required by rule 69J-166.031.
 
 See
 
 Fla. Admin. Code R. 69J-166.031. Furthermore, section 627.7015 clearly places the burden of notification upon the insurer and specifies that, absent proper notification, an insured cannot be required to participate in the appraisal process.
 
 See
 
 § 627.7015(2) & (7), Fla. Stat. (2009). Here, although the Insureds initiated the appraisal process, they were unsatisfied with the alleged lack of progress, and decided to pursue litigation instead. There is no language in the statute to indicate that an insured’s commencement or exploration of a contractual appraisal process irrevocably binds that party through the conclusion of the appraisal. Likewise, there is nothing either in the statute, or in case law, demonstrating that the commencement of the appraisal process relieves the insurer of its burden of notification. Were we to follow Universal’s theory of interpretation, we would be contravening the purpose of the statute as an insurance carrier could, by
 
 *1245
 
 withholding notification, trap an uninformed insured into the very same potentially lengthy and costly appraisal process the statute was meant to guard against.
 
 See
 
 § 627.7015(1) (“This section sets forth a nonadversarial alternative dispute resolution procedure for a mediated claim resolution conference prompted by the need for effective, fair, and timely handling of property insurance claims.”); Fla. Admin. Code R. 69J-166.031 (“The program established under this rule is prompted by the critical need for effective, fair, and timely handling of residential property claims.”). Quite simply, because Universal did not comply with the requirements of section 627.7015 and rule 69J-166.081, “the [I]nsured[s] shall not be required to ... participate in [the] contractual loss appraisal process ... as a precondition to legal action.”
 
 See
 
 § 627.7015(7).
 

 Accordingly, the trial court’s order denying Universal’s Motion is affirmed.
 

 Affirmed.
 

 [1]
 

 . Universal also argues that correspondence sent to the Insureds on or about March 11,
 
 *1244
 
 2010, as to the other claim, satisfied the statutory notice requirement. The March 11 letter was neither presented to, nor considered by, the trial court, and Universal cannot now raise this issue for the first time on appeal. We note, however, that even if the issue was properly before us, the letter was sent well beyond the five-day requirement of rule 69J-166.031.
 
 See
 
 Fla. Admin. Code R. 69J-166.031 (4)(a)(1).