HAZOURI, J.
Jane Gassman insured her house under a residential property insurance policy written by State Farm Florida Insurance Company. Gassman filed suit against State Farm for damages sustained as a result of Hurricane Wilma, which hit central Palm Beach County in October of 2005, after Gassman and State Farm could not agree on the extent of damage caused by the hurricane and the cost of repairs. State Farm filed a motion to stay the lawsuit pending the completion of the appraisal process which the trial court granted. That order is the subject of this appeal. We reverse the trial court’s order staying the lawsuit pending the completion of the appraisal process.
Gassman argues that the trial court erred in granting the stay because State Farm failed to comply with the requirement in section 627.7015, Florida Statutes (2007), of notifying her of her right to participate in mediation when an insured files a first party claim for the property damage. State Farm argues that it did not violate section 627.7015 because there was never a “dispute between an insurer and an insured relating to a material issue of fact.” § 627.7015(9), Fla. Stat. (2007). We agree with Gassman.
This court reviews de novo a trial court’s order compelling an appraisal under an insurance policy. Sunshine State Ins. Co. v. Corridori, 28 So.3d 129, 130 (Fla. 4th DCA 2010).
Section 627.7015 provides for an alternative procedure for resolution of disputed property insurance claims. The statute states as to its purpose that “[t]here is a particular need for an informal, nonthreatening forum for helping parties who elect this procedure to resolve their claims disputes because most homeowner’s and commercial residential insurance policies obligate insureds to participate in a potentially expensive and time-consuming adversarial appraisal process prior to litigation.” § 627.7015(1), Fla. Stat. (2007). Subsection (2) provides:
At the time a first-party claim within the scope of this section is filed, the insurer shall notify all first-party claimants of their right to participate in the mediation program under this section. The department shall prepare a consumer information pamphlet for distribution to persons participating in mediation under this section.
§ 627.7015(2), Fla. Stat. (2007). With respect to the appraisal process, subsection (7) provides:
If the insurer fails to comply with subsection (2) by failing to notify a first-party claimant of its right to participate in the mediation program under this section or if the insurer requests the mediation, and the mediation results are rejected by either party, the insured shall not be required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder’s claims covered by the policy.
§ 627.7015(7), Fla. Stat. (2007).
In Universal Property and Casualty Insurance Co. v. Colosimo, 61 So.3d 1241 (Fla. 3d DCA 2011), the insureds reported a claim for water damage to their kitchen to their insurer. The insurer first wrote to the insureds that the claim was not covered under the policy but then advised the insureds two months after the claim that it was covered. After the insureds sent in a sworn proof of loss, the insurer sent them another proof of loss form for execution and notarization. The insureds sent a copy of the previously filed form and a request to commence *212 the appraisal process. The insureds selected their appraiser and the insurer selected its appraiser. Thereafter disputes arose between the appraisers and the neutral umpire was not selected. The insureds filed suit for breach of contract and breach of implied covenant of good faith and fair dealing. The insurer answered and filed its affirmative defenses. Thereafter, the insurer filed a motion for stay and a motion for appointment of a neutral umpire as set forth in the policy. After a hearing, the trial court denied the motion because the insurer failed to comply with section 627.7015.
On appeal, the district court cites to the subsections of section 627.7015 set out above and Florida Administrative Code Rule 69J-166.03K1) & (4)(a). The rule implements section 627.7015 and specifies that:
1. Within five days of the insured filing a first-party claim which falls within the scope of this rule, the insurer shall notify the insured of their right to participate in this program.
Fla. Admin. Code R. 69J-166.031(4)(a)l. The Third District concluded:
The plain language of section 627.7015, as well as that of rule 69-166.031, clearly provide that if an insurer fails to supply written notice of the right to mediate, the insured shall not be required to engage in a contractual loss appraisal process as a prerequisite to litigation.
61 So.Sd at 1243. The Third District affirmed the denial of the motion to appoint the neutral umpire and the motion for stay because the insurer did not comply with the statute and the rule. See also Fla. Ins. Guar. Ass’n, Inc. v. Shadow Wood Condo. Ass’n, 26 So.3d 610 (Fla. 4th DCA 2009) (insurer’s failure to notify condominium association of its right to participate in presuit mediation relieved association of the obligation to participate in appraisal process).
Section 627.7015(9), Florida Statutes, provides:
(9) For purposes of this section, the term “claim” refers to any dispute between an insurer and an insured relating to a material issue of fact other than a dispute:
(a) With respect to which the insurer has a reasonable basis to suspect fraud;
(b) Where, based on agreed-upon facts as to the cause of loss, there is no coverage under the policy;
(c) With respect to which the insurer has a reasonable basis to believe that the claimant has intentionally made a material misrepresentation of fact which is relevant to the claim, and the entire request for payment of a loss has been denied on the basis of the material misrepresentation; or
(d) With respect to which the amount in controversy is less than $500, unless the parties agree to mediate a dispute involving a lesser amount.
§ 627.7015(9), Fla. Stat. (2007). The claim herein does not fit under any of the exceptions. Therefore, Gassman was not required to submit to the appraisal process and the trial court erred in granting State Farm’s motion to stay.

Reversed and Remanded for further proceedings consistent with this opinion.

TAYLOR and LEVINE, JJ., concur.