SHEPHERD, J.
The decisive issue in this case is whether an insurer who fails to comply with an administrative rule requiring it to notify its insured within five days of receiving a claim that he or she has the right to participate in a state-sponsored mediation program waives the insurer’s right to enforce a policy appraisal provision. Based upon our study of the pertinent legislation, we conclude that in adopting the five-day rule, the Florida Department of Financial Services (“Department”) exceeded its rule-making authority. Accordingly, we affirm the decision of the trial court.
The Subiratses had a residential property insurance policy with Fidelity. On February 19, 2010, they presented a claim for water damage to their home due to a plumbing failure. On March 5, 2010, Fidelity notified the Subiratses in writing of their right to participate in mediation, pursuant to section 627.7015, Florida Statutes (2009). After completing their investigation, Fidelity tendered partial payment on the claim. Subsequently, the Subiratses’ public adjuster notified Fidelity the insureds were invoking appraisal and provided the name of their selected appraiser. The Subiratses’ appraiser and Fidelity’s appraiser met and agreed to an amount for the remainder of the claim. The Subirats-es’ appraiser, however, failed to sign the appraisal award. Fidelity wrote the Subi-ratses advising of their appraiser’s lack of cooperation, and informing them the claim would be considered abandoned if they did not respond. When neither their appraiser nor the Subiratses responded, Fidelity closed its claim file.
Thereafter, the Subiratses commenced the instant action for breach of contract, which the trial court stayed pending completion of appraisal. The Subiratses contend in granting the stay the trial court erred because Fidelity waived its right to appraisal by failing to notify them of the right to mediation within five days from the date the claim was filed, pursuant to Section 627.7015, Florida Statutes (2009), and Florida Administrative Code Rule 69J-166.031.
In 1993, the Florida Legislature added section 627.7015 to the Florida Insurance Code. This new section of the Code authorized “a non-adversarial alternative dispute resolution procedure for mediation of insurance claims” in advance of a purportedly “[more] adversarial appraisal process,” which increasingly had found its way into property insurance contracts. The law provided in pertinent part:
627.7015. Alternative procedure for resolution of disputed property insurance claims
(2) At the time a first-party claim within the scope of this section is filed, the insurer shall notify all first-party claimants of their right to participate in the mediation program under this section. ...
(4) The department shall adopt by rule a property insurance mediation program to be administered by the department or its designee. The department may also adopt special rules which are applicable in cases of an emergency within the state. The rules shall be modeled after practices and procedures set forth in mediation rules of procedure adopted by the Supreme Court. The rules shall provide for:
(a) Reasonable requirement for processing and scheduling of requests for mediation.
(b) Qualifications of mediators....
*1000 (c) Provisions governing who may attend mediation conferences.
(d) Selection of mediators.
(e) Criteria for the conduct of mediation conferences.
(f) Right to legal counsel.
§ 627.7015, Fla. Stat. (1998).
Failure to give notice excuses an insured from participating in any contractual loss appraisal process. § 627.7015(7), Fla. Stat. (2005). However, the case presented to us is not a case in which the insurer has failed to give notice. It merely is a case in which the insurer did not give notice before the deadline established by Department rule. That rule, adopted pursuant to section 627.7015(4), states: “Within five days of the insured filing a first-party claim which falls within the scope of this rule, the insurer shall notify the insured of their right to participate in this program.” Fla. Admin. R. 69J-166.031(4)(a)(l). It is there the Department exceeded its charge.
An administrative agency is empowered to adopt rules when a statute grants rule-making authority and when there is a specific law to be implemented. § 120.536(1), Fla. Stat. (2009) (“An agency may adopt only rules that implement or interpret the specific powers and duties granted by the enabling statute.”); see also § 120.52(8). Conversely, where a statute does not contain a specific grant of legislative authority for a certain rule, any such rule is an invalid exercise of delegated legislative authority. See Sw. Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 599-600 (Fla. 1st DCA 2000). Moreover, an administrative rule may not modify, enlarge or contravene a statute. See State Farm Fla. Ins. Co., v. Unlimited Restoration Specialists, Inc., 84 So.3d 390 (Fla. 5th DCA 2012).
The most casual perusal of section 627.7015(4) reveals the Department was not granted the authority to promulgate a deadline for notifying an insured of the right to mediation. In so doing, the Department impermissibly modified and enlarged the scope of the statute. The action of the Department also unlawfully contravened the clear statutory scheme established by the law. Section 627.7015(2) requires the insurer simply to “notify the policyholder of its right to participate in the mediation program ... [at] the time” of presentation of “a first-party claim within the scope of this section.” The delegation provision of the statute, section (4) of the law, does not authorize or delegate to the Department any authority to establish a deadline for the notification. It is a familiar interpretive principle that when a legislature uses particular language in one section of a statute and omits it from another section, courts must presume the omission was intentional. Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005); see also Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996) (“Under the principle of statutory construction, expressio unius est exclusio al-teráis, the mention of one thing implies the exclusion of another.”). We presume the failure of the legislature to authorize the adoption of the rather draconian five-day deadline was intentional.
Not only is there no statutory authority for an administrative rule imposing a five-day deadline to notify insureds of their right to mediation, but also if, as the Subiratses argue, the failure to give notice within five days results in a waiver of the right to appraisal, the administrative rule also creates an invalid, additional instance in which an insurer waives the right to appraisal. Just recently, the Fifth District Court of Appeal invalidated an administrative rule promulgated under the same stat *1001 ute involved here, authorizing a waiver for a reason other than those specified in the statute. State Farm Fla., 84 So.3d at 395. The Court explained:
The rule modified and enlarged the statute when it allowed the insured the choice of how to proceed following an unsuccessful mediation that the insured, itself, requested. That option is simply not contained within the statute. The statute only contemplates a waiver of appraisal when the insurer fails to notify the insured of the right to mediation, or the insurer itself requests mediation and mediation is unsuccessful. Neither of those conditions occurred here.
Id. at 894; see also Sw. Fla. Water Mgmt. Dist., 773 So.2d at 594 (invalidating a rule that created an additional exemption not articulated in the enabling statute); Lamar Outdoor Advertising-Lakeland v. Fla. Dep’t of Transp., 17 So.3d 799 (Fla. 1st DCA 2009) (concluding a FDOT rule was invalid where the enabling statute conferred certain duties on the FDOT but did not specifically authorize the rule in question).
The cases cited by Appellants are inap-posite. In those cases, the insurer never notified the insured of the right to mediation on the claim at issue, which is a violation of the statute that gives rise to a waiver of appraisal. In the case primarily relied upon by Appellants, Universal Property & Casualty Insurance Co. v. Colosimo, 61 So.3d 1241 (Fla. 3d DCA 2011), the insurer never sent notice to the insured in connection with the claim that was at issue. Our glancing reference to Rule 69J-166.031 in a footnote in the opinion was clearly dicta. Id. at 1243 n. 1. The Appellants cite no case holding that violation of Rule 69J-166.031(4)(a)(l) results in a waiver of an insurer’s right to invoke the appraisal provision. To the contrary, the penalty specified in the rule for an insurer’s failure to give the required notice is referral to the Office of Insurance Regulation for administrative action, pursuant to section 624.15, Florida Statutes. See Rule 69J-166.031(4)(a)(4).
It bears mentioning that the purpose of the notice provision in section 627.7015 was not thwarted. That purpose is to prevent an insurer from withholding notification and thereby trapping “an uninformed insured into the very same potentially lengthy and costly appraisal process the statute was meant to guard against.” Colosimo, 61 So.3d at 1245. Fidelity did not withhold notification or “trap” the Subiratses into a lengthy and costly appraisal process. To the contrary, the insurer in this case did notify the Subiratses of their right to avail themselves of the statutory mediation program. The Subiratses elected to proceed directly to appraisal. In accordance with the Subi-ratses’ election, Fidelity’s appraiser promptly met with the insureds’ appraiser and the two actually agreed to the amount of the loss. All that remained was to formally complete the appraisal process. We affirm the trial court’s order staying litigation of the breach of contract claim until the parties complete the appraisal process.
Affirmed.