# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE FARM FLORIDA INSURANCE COMPANY,**
Appellant,

v.

**LIME BAY CONDOMINIUM, INC.,**
Appellee.

No. 4D13-4802

[March 23, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit; Thomas Lynch, IV, Judge; L.T. Case No. 07-005044 CACE (05).

Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, and Green, Ackerman & Frost, P.A., Boca Raton, for appellant.

Michael O. Colgan of Katzman Garfinkel, Maitland, for appellee.

### *ON MOTION FOR REHEARING*

BOORAS, TED, Associate Judge.

We grant State Farm Florida Insurance Company's motion for rehearing, deny Lime Bay Condominium, Inc.'s motion for rehearing, withdraw our prior opinion, and substitute this opinion in its place.

State Farm appeals the final summary judgment and award of attorney's fees entered in favor Lime Bay in this breach of contract action. State Farm argues that the trial court erred in finding that State Farm breached the insurance contract, where State Farm invoked its contractual right to appraisal and resolved the insurance claim through the appraisal process. We agree and reverse.

In October 2005, as a result of Hurricane Wilma, Lime Bay's condominiums sustained roof damage and Lime Bay filed a claim with State Farm. During the loss adjustment process, Lime Bay obtained a proposal to replace all the condominium buildings' roofs for approximately $1.5 million. However, Lime Bay never provided State Farm with any evidence that the roofs needed to be replaced, only an estimate for

replacement. After several inspections, State Farm determined that the roofs in question needed to be repaired, not replaced. In September 2006, after making adjustments for the policy deductible, State Farm paid Lime Bay $6,940.46 for the roof repairs.

On February 9, 2007, Lime Bay filed a Civil Remedy Notice alerting State Farm that it intended to file suit. State Farm responded with a demand for an appraisal pursuant to the appraisal provision in the insurance contract. Lime Bay responded that it would not participate in the appraisal process until State Farm provided proof of compliance with the mediation notification requirements of subsection 627.7015(2)[1], Florida Statutes (2012). Subsection 627.7015(7) provides that the insured is not required to participate in the appraisal process until the insurer complies with subsection (2). On March 7, 2007, Lime Bay filed a breach of contract action against State Farm without first participating in the appraisal process.

On State Farm's motion, the trial court ordered the case abated pending the completion of appraisal. The appraiser issued an award in the amount of approximately $1.1 million, before deductible. After applying deductibles and the previous payment, State Farm paid Lime Bay $608,141.41.

Lime Bay filed a motion to confirm the appraisal award and a motion for final judgment and attorney's fees. Lime Bay argued that State Farm's payment of the appraisal award after Lime Bay filed suit was a confession of judgment. State Farm filed a motion for summary judgment. State Farm argued that Lime Bay was not entitled to a confirmation of the appraisal award, because the claim had been fully resolved through the parties' contractual appraisal process and State Farm had paid the appraisal award. Therefore, State Farm did not breach the contract.

The trial court denied State Farm's motion and granted Lime Bay's motion. The court found that State Farm failed to prove that it complied with the mediation notification requirements of section 627.7015 and that State Farm's voluntary payment after Lime Bay filed suit was a confession

---

[1] Subsection 627.7015(2), Florida Statutes (2012) provides: "At the time a first-party claim within the scope of this section is filed by the policyholder, the insurer shall notify the policyholder of its right to participate in the mediation program under this section."

of judgment as a matter of law.  This appeal ensued.

The standard of review for an order granting summary judgment is de novo.  *Jaffer v. Chase Home Fin., LLC*, 155 So. 3d 1199, 1201 (Fla. 4th DCA 2015).  "[A]n appellate court must examine the record in the light most favorable to the non-moving party."  *Wolf v. Sam's E., Inc.*, 132 So. 3d 305, 307 (Fla. 4th DCA 2014) (citation omitted).  Summary judgment should be entered only when there is no genuine issue of material fact. *See Jaffer*, 155 So. 3d at 1201.

In this case, the trial court made a finding that State Farm's voluntary payment of the appraisal award after suit was filed was a confession of judgment as a matter of law.  However, when the insured utilizes the confession of judgment doctrine, the underlying issue is not when the insurer paid the claims, but if the insured was forced to litigate in order to get the insurer to pay the claim.  *See Clifton v. United Cas. Ins. Co. of Am.*, 31 So. 3d 826, 829 (Fla. 2d DCA 2010) ("[T]he confession of judgment rule will operate only to penalize an insurance company for *wrongfully* causing its insured to resort to litigation in order to resolve a conflict with its insurer when it was within the company's power to resolve it.") (citations and internal quotation marks omitted); *State Farm Fla. Ins. Co. v. Lorenzo*, 969 So. 2d 393, 398 (Fla. 5th DCA 2007) ("[C]ourts generally do not apply the [confession of judgment] doctrine where the insureds were not forced to sue to receive benefits; applying the doctrine would encourage unnecessary litigation by rewarding a race to the courthouse for attorney's fees even where the insurer was complying with its obligations under the policy.") (citing *Basik Exps. & Imps., Inc. v. Preferred Nat'l Ins. Co.*, 911 So. 2d 291, 294 (Fla. 4th DCA 2005)).

Similarly, when an insured moves for attorney's fees, the underlying issue is whether the suit was filed for a legitimate purpose, and whether the filing acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract.  *See Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1081 (Fla. 4th DCA 2009) ("Florida's cases have uniformly held that a section 627.428 attorney's fee award may be appropriate where, following some dispute as to the amount owed by the insurer, the insured files suit and, *thereafter*, the insurer invokes its right to an appraisal and, as a consequence of the appraisal, the insured recovers substantial additional sums."); *Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676, 679 (Fla. 4th DCA 2005) (holding that the insured was entitled to attorney's fees because it had to hire counsel and eventually resort to formal legal action to resolve the claim); *Goff v. State Farm Fla. Ins. Co.*, 999 So. 2d 684, 688 (Fla. 2d DCA 2008) (holding that the insureds were entitled to section

627.428 attorney's fees because their lawsuit forced State Farm to request an appraisal and to pay significant additional amounts). However, the timing of the request for appraisal is not determinative of the insured's right to fees. *Lewis*, 13 So. 3d at 1082.

On appeal, State Farm argues that Lime Bay breached the insurance contract by filing suit after State Farm invoked the appraisal provision of the contract policy. The appraisal provision states in pertinent part:

> **SECTION I**
> **CONDITIONS**
>
> **4. Appraisal.** If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each will notify the other of the selected appraiser's identity with 20 days after receipt of the written demand for appraisal.
>
> . . . .
>
> **6. Legal Action Against Us.** No one may bring legal action against us under this insurance unless:
> a. there has been full compliance with all of the terms of this insurance . . . .

State Farm argues that the appraisal provision and the section explaining the prerequisites for legal action should be interpreted together. Specifically, once State Farm made a written demand for an appraisal, Lime Bay was required to participate in the appraisal process before filing suit.

In the trial court and on appeal, Lime Bay argues that it was not required to participate in the appraisal process because State Farm failed to prove that it notified Lime Bay of its right to mediate. As previously noted, subsection 627.7015(7) states that the insured is not required to participate in any contractual appraisal process unless the insurer complies with subsection 627.7015(2) and notifies the insured of its right to mediation. When State Farm invoked its right to appraisal, Lime Bay requested proof of State Farm's compliance with section 627.7015's, mediation notification requirements. State Farm filed an affidavit stating that it complied with subsection 627.7015(2)'s requirements by notifying Lime Bay of its right to mediate the claim in two different letters in March and May of 2006.

4

Lime Bay argues that the notice of mediation contained in these letters was untimely because subsection 627.7015(2) states that the insurer shall notify the claimants of their right to participate in the mediation program, "[a]t the time a first-party claim within the scope of the section is filed." Since State Farm's notice of the right to mediate was not sent until March 2006, five months after Lime Bay filed its claim, Lime Bay argues that State Farm did not prove that it fully complied with subsection 627.7015(2). We disagree because the subsection 627.7015(2) notice requirement does not ripen until the insurer is on notice that there is a dispute between the insurer and the policyholder relating to a material issue of fact. Subsections 627.7015(2) and (9) must be read together. Subsection 627.7015(9) provides:

> (9) *For purposes of this section,* the term "*claim*" refers to *any dispute between an insurer and a policyholder relating to a material issue of fact* other than a dispute:
>
> (a) With respect to which the insurer has a reasonable basis to suspect fraud;
>
> (b) Where, based on agreed-upon facts as to the cause of loss, there is no coverage under the policy;
>
> (c) With respect to which the insurer has a reasonable basis to believe that the policyholder has intentionally made a material misrepresentation of fact which is relevant to the claim, and the entire request for payment of a loss has been denied on the basis of the material misrepresentation;
>
> (d) With respect to which the amount in controversy is less than $500, unless the parties agree to mediate a dispute involving a lesser amount; or
>
> (e) With respect to a windstorm or hurricane loss that does not comply with s. 627.70132.

§ 627.7015(9), Fla. Stat. (2012) (emphasis added). The facts of this case do not meet any of the exceptions listed in subsection 627.7015(9). Thus, we conclude that the requirement for giving notice of the right to participate in mediation regarding a claim does not ripen until the insurer is put on notice that there is a dispute that relates to a material issue of fact.

5

Lime Bay filed suit in this case contending State Farm breached the policy by not replacing the roof. State Farm contends it was not aware Lime Bay was dissatisfied with State Farm's payment to repair the roof until Lime Bay sent its Civil Remedy Notice. Lime Bay responds State Farm clearly knew there was a dispute because (1) State Farm sent adjusters out three different times and changed its estimates of the amounts to satisfy the claim each time; (2) it never responded to Lime Bay's request for a list of contractors that would do the repairs at the price estimated by State Farm; and (3) deposition testimony of a State Farm employee clearly shows that State Farm knew there was a dispute over whether the roof needed replacement, rather than repair. We are satisfied that there are disputes of material fact as to whether there was timely compliance with the notice requirements of subsection 627.7015(2), which in turn leaves a dispute of material fact as to whether Lime Bay was compelled to file suit and whether there was a confession of judgment as a matter of law.

As this case is being remanded for evidentiary findings, we must address the trial court's protective order entered against State Farm's discovery requests. Lime Bay argued that State Farm's discovery requests were irrelevant, immaterial, harassing and not reasonably calculated to lead to the discovery of admissible evidence, because State Farm's payment of the appraisal award automatically constituted a confession of judgment.

The ruling on a motion for protective order is reviewed for abuse of discretion. *See Katzman v. Rediron Fabrication, Inc.*, 76 So. 3d 1060, 1065 (Fla. 4th DCA 2011). Pursuant to Florida Rule of Civil Procedure 1.280(c) and upon a motion, a party "from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires . . . ."

The trial court erred by granting Lime Bay's motion for protective order against State Farm's request for production of documents because, as previously discussed, State Farm's payment of the appraisal award was not an automatic confession of judgment. The issue for summary judgment was whether Lime Bay was forced to file suit to resolve the dispute with State Farm. It appears that the court granted Lime Bay's motion for protective order on the grounds that State Farm's payment of the appraisal award was automatically a confession of judgment, entitling Lime Bay to a judgment as a matter of law. In its first request for production, State Farm requested, among other things, a copy of the communication between Lime Bay and any public adjuster or contractor

hired by Lime Bay.  This information was relevant to the issue of whether Lime Bay continued to dispute State Farm's estimate and was forced to file suit to resolve the claim.

In sum, because there is a genuine issue of material fact as to whether Lime Bay was forced to file suit, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and Remanded with directions.*

CIKLIN, C.J., and CONNER, J., concur.