# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1993
Lower Tribunal No. 18-919-K
_____


**Michael Kennedy and Debra Kennedy,**
Appellants,

vs.

**First Protective Insurance Company d/b/a Frontline Insurance,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

The Nation Law Firm and Mark A. Nation and Paul W. Pritchard (Longwood), for appellants.

Sheehe & Associates, P.A., and Karen Fultz; Jay M. Levy, P.A., and Jay M. Levy, for appellee.


Before EMAS, C.J., and SALTER, J., and LEBAN, Senior Judge.

LEBAN, Senior Judge.

Plaintiffs below, Michael and Debra Kennedy (collectively "the Kennedys"), appeal the trial court's order granting Defendant, First Protective Insurance Company d/b/a Frontline Insurance's ("Frontline") motion to compel appraisal as to the Kennedys' Hurricane Irma-related insurance claim.

In reviewing orders compelling appraisal, we review the trial court's factual findings under a competent substantial evidence standard. Fla. Ins. Guar. Ass'n, Inc. v. Hunnewell, 173 So. 3d 988, 991(Fla. 2d DCA 2015). We review the trial court's application of the law to the facts *de novo*. Fla. Ins. Guar. Ass'n, Inc. v. Lustre, 163 So. 3d 624, 628 (Fla. 2d DCA 2015).

The Kennedys contend, and the record reflects, that the parties corresponded about a factual dispute just two months after the hurricane damaged the Kennedy property. Beginning in October 2017, the Kennedys placed Frontline on notice that their windows would need to be completely replaced. Frontline responded by suggesting, among other things, that the Kennedys source the replacement glass themselves and have the windows repaired. In response, the Kennedys explained that their window model was no longer manufactured, and thus, the windows would require a complete replacement. This dispute over replacing the glass versus replacing the windows continued for some time.

In November 2017, the Kennedys requested that Frontline provide them with copies of photos taken in connection with Frontline's adjuster's report. Frontline's

2

Senior Concierge Adjuster, Jason James, provided the report, but refused to provide the photos, stating, "[a]s far as the adjuster photos, unfortunately, they are considered to be a work product [,] so we cannot release them." In December 2017, the Kennedys threatened to file a complaint with the Florida Department of Financial Services. Thereafter, in January 2018, Frontline provided the Kennedys with a sample estimate which left most of their questions and concerns unanswered. It was at this time, that the Kennedys advised Frontline of their intent to retain counsel.

Several months later, Frontline issued, and the Kennedys received, a written demand for appraisal pursuant to the insurance policy. Frontline's demand, however, was delivered to the Kennedys *before* Frontline provided its written statutory notice to the Kennedys of their right to mediate, as mandated by Section 627.7015, Florida Statutes (2018). That notice followed the months of disagreement between Frontline and the Kennedys regarding their claim.

The Kennedys filed suit on July 26, 2018, and Frontline immediately moved to compel appraisal. The trial court granted the motion, and the Kennedys filed this appeal following the denial of their motion for reconsideration

Section 627.7015 sets forth an alternative mediation procedure for the resolution of disputed property insurance claims. The statute requires that "[a]t the time a first-party claim within the scope of this section is filed by the policyholder,

3

the insurer *shall* notify the policyholder of its right to participate in the mediation program under this section." (Emphasis added). Subpart (9) defines a claim as, "any dispute between an insurer and a policyholder relating to a material issue of fact." The statute's mandatory language places the burden of notification squarely on the insurer and provides that, absent proper notification of the right to mediate, an insured cannot be required to participate in the appraisal process. See, § 627.7015 (2) & (7); see also, Universal Prop. & Cas. Ins. Co. v. Colosimo, 61 So. 3d 1241, 1242-44 (Fla. 3d DCA 2011).

Here, the record is replete with communications between the Kennedys and Frontline that make clear that a dispute arose well before Frontline notified the Kennedys of their right to mediate. Further, Frontline's invocation of the work product privilege is significant, because it implies that Frontline anticipated litigation as early as November 2017. Notwithstanding this, Frontline chose to wait until June 2018 – *after* making its demand for appraisal – to notify the Kennedys of their statutory right to participate in mediation. Frontline's actions are in derogation of the salutary purpose of section 627.7015, i.e., to expeditiously bring the parties together for a mediation without any of the trappings of an adversarial process. See Colosimo, 61 So. 3d at 1245.

As we stated in Colosimo, section 627.7015 furthers the "particular need for an informal, nonthreatening forum for helping parties . . . because most

4

homeowner's . . . residential insurance policies obligate [the] insureds to participate in a potentially expensive and time-consuming adversarial appraisal process prior to litigation." Id. at 1242.

We hold that once a dispute has arisen, an insurer may not demand appraisal under the policy and pursuant to section 627.7015, prior to providing the insured with notice of the right to mediate. An insurer who does so waives its right to appraisal. Id. at 1241. Accordingly, the trial court's order compelling appraisal is reversed and this matter is remanded for further proceedings consistent with this opinion.

Reversed.