# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-311
Lower Tribunal No. 19-185
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Osvaldo Delgado,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Traub Lieberman Straus & Shrewsberry LLP, C. Ryan Jones and Scot E. Samis (St. Petersburg), for appellant.

Law Office of Lazaro Vazquez, P.A., and Lazaro Vazquez, for appellee.

Before SCALES, MILLER and GORDO, JJ.

GORDO, J.

Citizens United Property Insurance Corporation appeals a final judgment for attorney's fees entered in favor of Osvaldo Delgado. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A).

Delgado submitted a claim for property damage caused by Hurricane Irma to Citizens and was furnished with a partial payment of $4,226.32. Delgado contested this amount, and Citizens demanded an appraisal pursuant to the terms of the insurance policy. Delgado subsequently filed suit, and Citizens moved to compel appraisal. After the appraisers determined the amount of the loss[1], Citizens paid the award without further ado. Delgado was subsequently awarded attorney's fees pursuant to section 627.428, Florida Statutes.

Citizens argues the award of attorney's fees was improper because: (1) Delgado recovered no judgment against it; and (2) the lawsuit itself was unnecessary to resolve the claim. It is well settled Florida law that Citizens' payment of the appraisal award constituted a judgment. Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1215 (Fla. 2016) ("[I]t is well settled that the payment of a previously denied claim following the initiation of an action for recovery, but prior to the issuance of a final judgment, constitutes the functional equivalent of a confession of judgment."); Ivey v. Allstate Ins. Co.,

[1] The appraisers agreed on an award of $45,021.26.

2

774 So. 2d 679, 684–85 (Fla. 2000) ("[W]here an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney's fees.").

We further find that, as shown by the record in this case, the lawsuit was a necessary catalyst to effectuate payment of the claim. State Farm Florida Ins. Co. v. Lime Bay Condo., Inc., 187 So. 3d 932, 935 (Fla. 4th DCA 2016) ("[W]hen an insured moves for attorney's fees, the underlying issue is whether the suit was filed for a legitimate purpose, and whether the filing acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract."); Lewis v. Universal Prop. & Cas. Ins. Co., 13 So. 3d 1079, 1082 (Fla. 4th DCA 2009) ("[W]hether suit is filed before or after the invocation of the appraisal process is not determinative of the insured's right to fees; rather, the right to fees turns upon whether the filing of the suit served a legitimate purpose."); First Floridian Auto & Home Ins. Co. v. Myrick, 969 So. 2d 1121, 1124 (Fla. 2d DCA 2007) (finding the involvement of the judicial system was necessary where the insurer was asserting a coverage defense).

Affirmed.

3