DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALAN GRNJA** and **DENISE GRNJA,**
Appellants,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D22-2383

[May 10, 2023]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Senior Judge; L.T. Case No. 50-2022-CA-004355-XXXX-MB.

Blair M. Fazzio and Ardalan Montazer of Kanner & Pintaluga, P.A., Boca Raton, for appellants.

Brett Frankel, Jonathan Sabghir and Jake A. Tover of People's Trust Insurance Company, Deerfield Beach, and Mark D. Tinker and Carly M. Weiss of Cole, Scott & Kissane, P.A., Tampa, and Scott A. Cole of Cole, Scott & Kissane, P.A., Miami, for appellee.

PER CURIAM.

Alan and Denise Grnja appeal a nonfinal order granting People's Trust Insurance Company's motion to abate and compel appraisal. The Grnjas argue that People's Trust waived its right to appraisal by failing to give timely notice of the Grnjas' right to participate in mediation pursuant to section 627.7015, Florida Statutes (2021). We disagree and affirm.

### *Factual & Procedural History*

The Grnjas obtained a homeowners' insurance policy with People's Trust effective from November 2020 to November 2021. The policy contains an appraisal provision providing that either party may demand an appraisal if they disagree on the amount of loss and the scope of repairs.

In December 2021, the Grnjas reported a loss to their property that had occurred in April 2021. People's Trust notified the Grnjas that the claim was covered and provided a proposed estimate and scope of repairs. The correspondence noted that if the Grnjas did not agree with People's Trust's assessment of repairs, "the policy's appraisal provision provides a mechanism by which to resolve that dispute." The correspondence also provided the following notice:

> [People's Trust] is also notifying you pursuant to Florida Statute §627.2015 [sic], that you may have the right to attend a non-binding mediation with [People's Trust] and a neutral third party mediator through the Florida Department of Financial Services (FDFS). This program is available to anyone with a disputed residential property claim, arising from covered damage, in excess of $500.00. Enclosed for your review, please find the FDFS Mediation Brochure which details the program's guidelines and contact information.

(Emphasis omitted). The accompanying brochure provided more information regarding mediation pursuant to section 627.7015 to resolve claim disputes. Other than this correspondence and brochure, People's Trust did not provide any additional notice of the Grnjas' right to mediation.

The Grnjas disagreed with People's Trust's estimate and scope of the proposed repairs and submitted an executed sworn proof of loss and their own estimate of damages. Less than a month later, the Grnjas filed suit in the lower court for breach of contract.

People's Trust subsequently filed a motion to abate the case and compel an appraisal regarding the amount of loss and scope of repairs. In response, the Grnjas argued, *inter alia*, that People's Trust waived its right to invoke an appraisal by People's Trust's "failure to strictly comply with Fla. Stat. §627.7015." Specifically, the Grnjas argued that People's Trust waived its right to appraisal because (1) it provided notice of the right to participate in mediation pursuant to section 627.7015 *prior* to a dispute arising between the parties, and (2) it failed to send such notice after the Grnjas submitted the executed sworn proof of loss and their own estimate of damages.

The lower court held a hearing on the motion, and the Grnjas maintained that People's Trust waived its right to appraisal by providing a premature notice of mediation before a dispute arose as to their claim. People's Trust acknowledged that the Grnjas' sworn proof of loss and

2

estimate put it on notice of a dispute over the scope of repairs but argued no precedent required an insurer to send a second mediation statement under section 627.7015. The Grnjas responded that People's Trust "dropped the ball here, didn't comply, and as a matter of law, we're asking the court to deny their motion because they failed to comply with the statute."

Characterizing the Grnjas' argument as "somewhat hyper-technical," the lower court found that People's Trust did not waive its right to appraisal. The court issued a written order granting the motion to abate and compel appraisal. The Grnjas appeal. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iv).

## *Analysis*

"On appellate review of a ruling on a motion to compel appraisal, factual findings are reviewed for competent, substantial evidence, and the application of the law to the facts is reviewed de novo." *Fla. Ins. Guar. Ass'n v. Waters*, 157 So. 3d 437, 439-40 (Fla. 2d DCA 2015) (citing *Fla. Ins. Guar. Ass'n v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th DCA 2009)). To the extent the issues raised in this appeal involve analysis of section 627.7015, Florida Statutes (2021), "[t]he interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." *Kephart v. Hadi*, 932 So. 2d 1086, 1089 (Fla. 2006).

As they did below, the Grnjas argue that People's Trust waived its right to appraisal by failing to strictly comply with section 627.7015. The statute "sets forth a nonadversarial alternative dispute resolution procedure for a mediated claim resolution conference prompted by the need for effective, fair, and timely handling of property insurance claims." § 627.7015(1), Fla. Stat. (2021). "The purpose of the statute [is] to use the mediation process to encourage an inexpensive and speedy resolution of insurance claims prior to commencing the appraisal process, or commencing litigation." *Fla. Ins. Guar. Ass'n v. Shadow Wood Condo. Ass'n*, 26 So. 3d 610, 613 (Fla. 4th DCA 2009) (citation and internal quotation marks omitted); *see also* § 627.7015(1) ("There is a particular need for an informal, nonthreatening forum for helping parties who elect this procedure to resolve their claims disputes because most homeowner and commercial residential insurance policies obligate policyholders to participate in a potentially expensive and time-consuming adversarial appraisal process before litigation.").

Section 627.7015(2) provides that "[a]t the time of issuance and renewal of a policy or at the time a first-party claim within the scope of this section

is filed by the policyholder, the insurer shall notify the policyholder of its right to participate in the mediation program under this section." § 627.7015(2), Fla. Stat. (2021). Section 627.7015(9) provides that, for purposes of the statute, "the term 'claim' refers to any dispute between an insurer and a policyholder relating to a material issue of fact" excepting five dispute types not applicable to this case. § 627.7015(9), Fla. Stat. (2021).

The legislature amended section 627.7015(2) in 2019 to add the "[a]t the time of issuance and renewal of a policy" language. Ch. 19-108, § 15, Laws of Fla. Prior to amendment, an insurer could comply with the statute by providing the required notice only at the time of a dispute between the parties relating to a material issue of fact. *See generally* § 627.7015(2), (9), Fla. Stat. (2018).

An insurer's failure to comply with section 627.7015(2) results in a waiver of the right to compel appraisal. *See* § 627.7015(7), Fla. Stat. (2021) ("If the insurer fails to comply with subsection (2) by failing to notify a policyholder of its right to participate in the mediation program under this section . . . , the policyholder is not required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder's claims covered by the policy.").

On appeal, the Grnjas argue that because People's Trust provided the notice regarding mediation at the time of the claim but before any material dispute of fact arose between the parties, People's Trust waived its right to appraisal. In support, they rely on this Court's decision in *State Farm Florida Insurance Co. v. Lime Bay Condominium, Inc.*, 187 So. 3d 932 (Fla. 4th DCA 2016), and the Third District's opinion in *People's Trust Insurance Co. v. Lavadie*, 306 So. 3d 285 (Fla. 3d DCA 2020).

In *Lime Bay*, the insurer sent the mediation notice five months after the claim was filed. 187 So. 3d at 936. The policyholder argued that because section 627.7015(2) required such notice "[a]t the time a first-party claim within the scope of the section is filed," the notice was untimely and therefore the insurer did not comply with the statute. *Id.* at 935-36. This Court disagreed, noting that sections 627.7015(2) and (9) "must be read together," and concluded "that the requirement for giving notice of the right to participate in mediation regarding a claim does not ripen until the insurer is put on notice that there is a dispute that relates to a material issue of fact." *Id.* at 936.

4

In *Lavadie*, the Third District agreed with this Court's interpretation in *Lime Bay*. 306 So. 3d at 290. The policyholders had argued that the insurer waived its right to appraisal because it failed to provide the mediation notice at the time of the claim. *Id.* at 289. The Third District disagreed, noting:

> A mediation notice is irrelevant during the time when an insured makes a "claim" and the adjustment process is underway. If the adjustment process culminates in a payment or repair without rising to the level of a "dispute," the insurer need not send the notice.
>
> A threat of litigation, on the other hand, certainly indicates the matter has ripened into a "dispute" within the meaning of the statutory requirement, and the same seems true when the insured has unequivocally rejected the insurer's demand for an appraisal to resolve a difference of opinions in the required scope of work or the amount of loss.

*Id.* at 290.

The Grnjas rely on the language in *Lime Bay* and *Lavadie* to essentially argue that People's Trust's mediation notice in this case was a nullity because People's Trust provided the notice before there was a "dispute" between the parties. Instead, the Grnjas argue that "People's Trust needed to have sent the mediation notice when the dispute ripened and it was on notice" of a dispute relating to a material issue of fact. We disagree.

Unlike here, where the Grnjas argue that People's Trust provided the mediation notice *too early*, *Lime Bay* and *Lavadie* addressed whether an insurer waived its right to appraisal by providing the notice *too late*. While both cases discuss when a claim is "ripe" for purposes of providing notice, neither held that a notice provided before a dispute arises is void. The notice requirement's purpose "is to prevent an insurer from withholding notification and thereby trapping 'an uninformed insured into the very same potentially lengthy and costly appraisal process the statute was meant to guard against.'" *Subirats v. Fid. Nat'l Prop.*, 106 So. 3d 997, 1001 (Fla. 3d DCA 2013) (quoting *Universal Prop. & Cas. Ins. Co. v. Colosimo,* 61 So. 3d 1241, 1245 (Fla. 3d DCA 2011)). While providing late notice contravenes this purpose, providing early notice does not.

Furthermore, both *Lime Bay* and *Lavadie* analyzed section 627.7015 before the statute's 2019 amendment. The amended statute, applicable here, allows an insurer to comply with the statute's mediation notice

5

requirements "[a]t the time of issuance and renewal of a policy" not only at the time of a "claim," i.e., at the time of a dispute between the parties relating to a material issue of fact, like the predecessor statute. *See* § 627.7015(2). Both *Lime Bay* and *Lavadie* addressed the pre-amendment version of section 627.7015. *See Lime Bay*, 187 So. 3d at 936 (citing § 627.7015, Fla. Stat. (2012)); *Lavadie*, 306 So. 3d at 288 (citing § 627.7015, Fla. Stat. (2016)).[1]

Like the trial court, we conclude that People's Trust did not waive its right to appraisal simply by providing the required statutory notice before a dispute arose between the parties.

Under the Grnjas' interpretation of section 627.7015, an insurer would comply with the statute if the insurer sent the mediation notice when a policy was issued or renewed—when no claim or dispute even existed—but an insurer would not comply with the statute if the insurer sent the statutory notice after a claim was filed but before a dispute arose. We reject this unreasonable interpretation. *See Allstate Ins. Co. v. Rush*, 777 So. 2d 1027, 1032 (Fla. 4th DCA 2000) ("In all, statutes must be construed as to avoid an unreasonable or absurd result.") (citing *City of Boca Raton v. Gidman*, 440 So. 2d 1277, 1281 (Fla. 1983)). Even if such notice is considered premature, it does not contravene the statute's purpose of preventing an insurer from trapping an uninformed insured into the appraisal process. *Subirats*, 106 So. 3d at 1001.

As the lower court did not err in granting People's Trust's motion to compel appraisal, we affirm.

*Affirmed.*

KLINGENSMITH, C.J., WARNER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The Grnjas also cite distinguishable cases in which the insurer *never* sent the required notice but nonetheless sought to compel appraisal. *See Colosimo*, 61 So. 3d at 1243 ("In the case before us, Universal did not send notice to the Insureds regarding the right to participate in the state mediation program as required by section 627.7015."); *QBE Ins. Corp. v. Dome Condo. Ass'n*, 577 F. Supp. 2d 1256, 1258 (S.D. Fla. 2008) ("There is no question that QBE did not notify Dome of its right to participate in the mediation program.").